**<u>Exhibit A</u>**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BLANK LABEL GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10286 (JTD)<br><br>Jointly Administered<br><br>**Re: D.I.** |

### ORDER SURCHARGING EXPENSES INCURRED BY THE DEBTORS IN PRESERVING AND MAXIMIZING THE VALUE OF THE ASSETS AND LIMITING A POSTPETITION LIEN ON PROCEEDS PURSUANT TO 11 U.S.C. §§ 506(c) AND 552(b)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") pursuant to Bankruptcy Code sections 105(a), 506(c) and 552(b) seeking entry of an order (this "Order") to (i) surcharge the Collateral for expenses incurred by the Debtors in preserving, maintaining, and disposing of the Collateral, and (ii) limit the Purported Secured Parties purported liens on the Sale Proceeds based on the equities of the case; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interest of the Debtors, their estates, their creditors, and other parties in interest; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), that the Debtors consent to entry of a final order under Article III of the United States Constitution, and venue of these Chapter 11 Cases and the Motion in this

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Blank Label Group, Inc. (6183); BlackLapel Custom Clothiers, Inc. (3725); and Ratio Clothing, LLC (8330). The Debtors' mailing address is 36 Bromfield Street, 204, Boston, MA 02108.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:

ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are granted authority to recover and surcharge the Fees and Expenses from the Escrowed Funds.

3. To the extent any Purported Secured Party holds a valid lien against the Collateral, such lien on the Sale Proceeds is subject to payment of the Fees and Expenses, based on the equities of the case.

4. The Debtors' rights to object to, challenge or otherwise contest any proof of claim and any Liens, Claims and Encumbrances (each as defined in the Sale Order) asserted by any creditor, including the Purported Secured Parties, are fully reserved and preserved notwithstanding the entry of this Order.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.