# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BLACK LABEL GROUP, INC., *et al.*,<br><br>   Debtors.[1] | Chapter 11<br><br>Case No. 23-10286 (JTD)<br><br>Jointly Administered |
| In re<br><br>BLACKLAPEL CUSTOMER CLOTHEIRS, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>SETTLE FUNDING, LLC,<br><br>   Defendant. | Adv. Pro. No. 23-50412 (JTD)<br><br><br><br><br><br>Re:  D.I. 269 & Adv. D.I. 12 |

### ORDER (I) APPROVING THE SETTLEMENT AGREEMENT BY AND AMONG THE DEBTORS AND SETTLE FUNDING, LLC, AND (II) GRANTING RELATED RELIEF

Pursuant to the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (each, the "Debtor" or collectively the "Debtors") for entry of an order: (i) approving the terms and conditions of that certain *Settlement Agreement*, dated as of October 18, 2023 (the "Settlement Agreement"), attached hereto as **Exhibit 1**, by and between the Debtors and Settle Funding, LLC ("Settle," and collectively with the Debtors, the "Parties," and each a "Party"), and

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Blank Label Group, Inc. (6183); BlackLapel Custom Clothiers, Inc. (3725); and Ratio Clothing, LLC (8330).  The Debtors' mailing address is 36 Bromfield Street, 204, Boston, MA 02108.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(ii) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b) in which the Court may enter a final order; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice is necessary and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, and their creditors; and the Court having determined that the Debtors exercised sound business judgment to compromise the disputes related to the Motion, including the disagreements as set forth in the Motion; and after due deliberation and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Rule 9019, the Settlement Agreement is hereby approved in all respects.

3. The Parties to the Settlement Agreement are authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and perform any and all obligations contemplated therein.

4. The Debtors are hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

5. The terms of the Settlement Agreement shall be binding upon all Parties to the

Settlement Agreement and their successors and assigns, including the Debtors' bankruptcy estates and its creditors.

6. The Debtors are authorized to provide Settle, and Settle is otherwise granted or deemed to have, the adequate protection described in the Settlement Agreement, including without limitation:

(a) As adequate protection for and solely to the extent of any diminution in the value, from and after the date of the Settlement Agreement through confirmation of a Plan, of Settle's interests in Settle's Cash Collateral resulting from the Debtors' the use thereof, an additional and replacement valid, binding, enforceable, non-avoidable, and automatically perfected first-priority postpetition security interest in and liens on (the "Adequate Protection Liens") on all claims and causes of action of the Debtors, including but not limited to claims and causes of action under chapter 5 of the Bankruptcy Code and Bankruptcy Code section 724(a) (collectively "Avoidance Actions") and all proceeds thereof and property received thereby, whether by judgment, settlement, or otherwise, whether pursuant to federal or applicable state law.

(b) As of the Effective Date of the Settlement Agreement, pursuant to Bankruptcy Code section 507(b), an allowed superpriority administrative expense claim for the diminution in the value (as determined under applicable bankruptcy law) of Settle's Cash Collateral through confirmation of a Plan.

7. To the extent applicable, Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

8. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation, interpretation or enforcement of this Order.

**Dated: November 13th, 2023**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE