# Exhibit B

# LITIGATION TRUST AGREEMENT

This Litigation Trust Agreement ("**Agreement**" or "**Litigation Trust Agreement**") is made this {DATE}, by and between (i) Blank Label Group, Inc., a Delaware Corporation ("**Blank Label**"), (ii) BlackLapel Custom Clothiers, Inc., a Delaware Corporation ("**BlackLapel**"), (iii) Ratio Clothing, LLC, an Ohio Limited Liability Company ("**Ratio Clothing**," and collectively with Blank Label and BlackLapel, the "**Debtors**") and Peter Furman (the "**Litigation Trustee**" or "**Trustee**"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan (as hereinafter defined).

WHEREAS, the Debtors filed voluntary petitions for relief commencing cases (the "Chapter 11 Cases," and each a "**Chapter 11 Case**") under subchapter V of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on March 8, 2023 (the "**Petition Date**");[1]

WHEREAS, on November 1, 2023, the Debtors filed their *Subchapter V Debtors' First Amended Plan of Liquidation* [D.I. 279] (the "**Plan**");

WHEREAS, on November 13, 2023, the Bankruptcy Court entered an order [D.I. 303] approving a global settlement (the "**Settle Settlement**") between the Debtors and Settle Funding, LLC ("**Settle**") which, amongst other things, allowed Settle's first-priority secured claim in the amount of $448,840.46, plus attorney's fees and interest at the federal judgment rate as of the Petition Date (the "**Allowed Settle Claim**") and provided for payment of such claim through payments from this Litigation Trust;

WHEREAS, in accordance with the Settle Settlement, on November 16, 2023, the Debtors transmitted $150,000.00 in partial distribution on the Allowed Settle Claim, thus reducing the amount owed to Settle to $298,840.46 plus attorney's fees and interest at the federal judgment rate as of the Petition Date (the "**Remaining Settle Claim**");

WHEREAS, on {DATE}, the Bankruptcy Court entered an order confirming the Plan (the "**Confirmation Order**");

WHEREAS, the Plan and the Confirmation Order provide for the establishment of this Agreement and the appointment of the Litigation Trustee to administer the Litigation Trust for the Beneficiaries[2] of the Litigation Trust, and to provide administrative services relating to the Plan's implementation;

WHEREAS, the Litigation Trust is established pursuant to the Plan and this Agreement as a Litigation Trust in accordance with Treasury Regulation section 301.7701-4(d) for the sole purpose of liquidating the Trust Assets (defined below), with no objective to continue or engage in the conduct of a trade or business except, to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Litigation Trust and the Plan;

---

[1] Unless otherwise indicated herein, docket entry references identified herein refer to the lead docket of *In re Blank Label Group, Inc.,* Case No. 23-10286 (JTD).

[2] As noted in the Plan, the "Beneficiaries" are the Holders of Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Class 1 Claims (Secured Claims), Allowed Class 2 Claims (Purported Secured Claims at Blank Label), Allowed Class 3 Claims (Priority Unsecured Claims), and Allowed Class 4 Claims (General Unsecured Claims), against the Debtors' Estates as beneficiaries of the Litigation Trust, as set forth in the Plan and this Litigation Trust Agreement.

WHEREAS, the Litigation Trust is established for the benefit of the Beneficiaries; and

WHEREAS, the Litigation Trust is intended to qualify as a "grantor trust" for US federal income tax purposes pursuant to sections 671-677 of the Internal Revenue Code, with the Beneficiaries treated as the grantors and owners of the Litigation Trust.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein and in the Plan, the Debtors and Litigation Trustee agree that the Litigation Trust shall be comprised, held, and disposed of as follows:

**Declaration of Trust**

The Debtors and the Litigation Trustee enter into this Agreement to sell any remaining Debtors'Assets, prosecute and resolve the Causes of Action, object to Claims, resolve Disputed Claims, and effectuate the Distributions to be made under the Plan to the Holders of Allowed Claims and Interests in accordance with the terms of the Plan;

Pursuant to section 2.5 of the Plan, the Confirmation Order, and Section 2.03 of this Agreement, all right, title, and interest in, under, and to the Litigation Trust Assets shall be absolutely and irrevocably assigned to the Litigation Trust and to its successors in trust and its successors and assigns;

TO HAVE AND TO HOLD unto the Litigation Trustee and its successors in trust; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED, that the Litigation Trust Assets and all other property held from time to time by the Litigation Trust under this Agreement and any proceeds thereof and earnings thereon (collectively, "**Trust Assets**") are to be held by the Litigation Trust and applied on behalf of the Litigation Trust by the Litigation Trustee on the terms and conditions set forth herein and in the Plan, solely for the benefit of the Beneficiaries and for no other party.

## ARTICLE I

### Recitals, Definitions, and Interpretations

**Section 1.01    Recitals**. The Recitals are incorporated into and made terms of this Agreement.

**Section 1.02    Plan Definitions**. All terms used in this Agreement but not defined herein shall have the same meanings set forth in the Plan.

**Section 1.03    Interpretation, Headings**. All references herein to specific provisions of the Plan or Confirmation Order are without exclusion or limitation of other applicable provisions of the Plan or Confirmation Order. Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender. The headings in this Agreement are for convenience of reference only and shall not limit or otherwise affect the provisions of this Agreement.

**Section 1.04  Conflict Among Documents**. In the event of any inconsistency between the Plan or Confirmation Order, as applicable, on the one hand, and this Agreement, on the other hand, the Plan or Confirmation Order, as applicable, shall control and take precedence.

## ARTICLE II

## Establishment of Trust

**Section 2.01  Effectiveness of Agreement; Name of Trust.** This Agreement shall become effective on the Plan Effective Date. The Litigation Trust shall be officially known as the "**BLG Litigation Trust**."

**Section 2.02  Purpose of Trust.** The Debtors and the Litigation Trustee, pursuant to the Plan and in accordance with Bankruptcy Code, hereby create the Litigation Trust for the primary purpose of collecting, holding, administering, distributing, and liquidating the Trust Assets for the benefit of the Beneficiaries in accordance with the terms and conditions of this Agreement and the Plan, and with no objective to continue or to engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Trust.

**Section 2.03  Transfer of Trust Assets.**

(a) Conveyance of Litigation Trust Assets. The Debtors hereby grant, release, assign, transfer, convey, and deliver, on behalf of the Beneficiaries, the Litigation Trust Assets to the Litigation Trust on or near the Effective Date—after payment of certain amounts due under the Plan from the Debtors' Assets—in trust for the benefit of such holders to be administered and applied as specified in this Agreement and the Plan. The Litigation Trustee shall have no duty to arrange for any of the transfers contemplated under this Agreement or by the Plan or to ensure their compliance with the terms of the Plan and the Confirmation Order, and shall be conclusively entitled to rely on the legality and validity of such transfers.

(b) Title to Trust Assets. Pursuant to the Plan, all of the Debtors' rights, titles, and interests in and to the Trust Assets, including all such assets held or controlled by third parties, are automatically vested in the Litigation Trust on the Effective Date, free and clear of all liens, claims, encumbrances, and other interests, except as specifically provided in the Plan or this Agreement, and such transfer is on behalf of the Beneficiaries to establish the Litigation Trust. The Litigation Trust shall be authorized to obtain possession or control of, liquidate, and collect all of the Trust Assets in the possession or control of third parties and prosecute and resolve the Causes of Action, object to Claims, resolve Disputed Claims, and effect the Distributions to be made under the Plan to the Holders of Allowed Claims in accordance with the terms of the Plan. On the Effective Date, the Litigation Trust shall stand in the shoes of the Debtors for all purposes with respect to the Trust Assets and administration of the Claims. By executing this Agreement, the Litigation Trustee, on behalf of the Trust, hereby accepts all of such property as Trust Assets, to be held in trust for the Beneficiaries, subject to the terms of this Agreement and the Plan.

As provided in section 2.5 of the Plan, on the Effective Date, the attorney-client privilege, the attorney work product doctrine and any similar privilege against disclosure, and all other similar immunities (all together, "**Privileges**") belonging to the Debtors or the Estates that concern or in any way relate to any of the Trust Assets, or that would apply to communications, documents, or records recorded in magnetic, optical, or other form of electronic medium concerning or in any way relating to any Trust Assets, shall vest in the Litigation Trust. The Litigation Trustee shall have the sole right to waive Privileges that concern or in any way relate to any of the Trust Assets or that would apply to communications, documents, or electronic records concerning or in any way relating to any Trust Assets.

(c) <u>Capacity of Trust</u>. Notwithstanding any state or federal law to the contrary or anything herein, the Litigation Trust itself shall have the capacity, in its own right and name, to act or refrain from acting, including the capacity to sue and be sued and to enter into contracts. The Litigation Trust may alone be the named movant, respondent, party plaintiff or defendant, or the like in all adversary proceedings, contested matters, and other state or federal proceedings brought by or against it, and may settle and compromise all such matters in its own name.

(d) <u>No Retention of Excess Cash</u>. Notwithstanding anything in this Agreement to the contrary, under no circumstances shall the Litigation Trust or Litigation Trustee retain cash or cash equivalents in excess of a reasonable amount to meet claims, expenses, and contingent liabilities or to maintain the value of the Trust Assets during liquidation other than reserves established pursuant to Section 4.01(b) of this Agreement, and shall distribute all amounts not required to be retained for such purposes to the Beneficiaries as promptly as reasonably practicable in accordance with the Plan and this Agreement.

(e) <u>Acceptance by Trustee</u>. The Litigation Trustee accepts its appointment as Litigation Trustee of the Litigation Trust.

## ARTICLE III

### Trust Administration

**Section 3.01   Rights, Powers, and Privileges of Trustee Generally**. Except as otherwise provided in this Agreement, the Plan, or the Confirmation Order, as of the date that the Trust Assets are transferred to the Litigation Trust, the Litigation Trustee on behalf of the Litigation Trust may control and exercise authority over the Trust Assets, over the acquisition, management, and disposition thereof, and over the management and conduct of the affairs of the Trust. In administering the Trust Assets, the Litigation Trustee shall endeavor not to unduly prolong the Trust's duration, with due regard that undue haste in the administration of the Trust Assets may fail to maximize value for the benefit of Beneficiaries and otherwise be imprudent and not in the best interests of such holders.

**Section 3.02   Power to Contract**. In furtherance of the purpose of the Litigation Trust, and except as otherwise specifically restricted in the Plan, Confirmation Order, or this Agreement, the Litigation Trustee shall have the right and power on behalf of the Litigation Trust, and also may cause the Litigation Trust, to enter into any covenants or agreements binding the Trust, and to execute, acknowledge, and deliver any and all instruments that are necessary or deemed by the Litigation Trustee to be consistent with and advisable in furthering the purpose of the Litigation Trust.

**Section 3.03   Ultimate Right to Act Based on Advice of Counsel or Other Professionals**. Nothing in this Agreement shall be deemed to prevent the Litigation Trustee from taking or refraining to take any action on behalf of the Litigation Trust that, based upon the advice of counsel or other professionals, the Litigation Trustee determines it is obligated to take or to refrain from taking in the performance of any duty that the Litigation Trustee may owe the holders of Claims or any other Person under the Plan, Confirmation Order, or this Agreement.

**Section 3.04   Powers of Trustee**. Without limiting the generality of the above Section 3.01, in addition to the powers granted in the Plan, the Litigation Trustee shall have the power to take the following actions on behalf of the Litigation Trust and any powers reasonably incidental thereto that the Litigation Trustee, in its reasonable discretion, deems necessary or appropriate to fulfill the purpose of the Litigation Trust, unless otherwise specifically limited or restricted by the Plan or this Agreement and in any event subject to the Budget (as defined herein), without the need for specific approval by the Bankruptcy Court:

(a) Hold legal title to the Trust Assets and to any and all rights of the Debtors and the Beneficiaries in or arising from the Trust Assets.

(b) Manage, invest, supervise, protect, and where appropriate, cause the Litigation Trust to abandon the Trust Assets, including causing the Litigation Trust to invest any moneys held as Trust Assets in accordance with the terms of Section 3.06 hereof.

(c) Maintain bank accounts on behalf of or in the name of the Litigation Trust.

(d) Cause the Litigation Trust to enter into any agreement or execute any document or instrument required by or consistent with the Plan, the Confirmation Order or this Agreement, and to perform all obligations thereunder.

(e) Collect and liquidate all Trust Assets, including the sale of any Trust Assets.

(f) Protect and enforce the rights to the Trust Assets (including any Causes of Action assigned to the Litigation Trust by operation of the Plan (the "**Assigned Litigation Trust Claims**")) vested in the Litigation Trust and Litigation Trustee by this Agreement and the Plan by any method deemed appropriate, including, without limitation, by judicial proceedings or otherwise.

(g) Investigate any Trust Assets, including Assigned Litigation Trust Claims, and any objections to Claims and cause the Litigation Trust to seek the examination of any Person pursuant to Federal Rule of Bankruptcy Procedure.

(h) Cause the Litigation Trust to employ and pay professionals, claims agents, disbursing agents, and other agents and third parties pursuant to this Agreement.

(i) Cause the Litigation Trust to pay all of its lawful expenses, debts, charges, taxes (if any), and other liabilities, and make all other payments relating to the Trust Assets.

(j) Cause the Litigation Trust to pursue, commence, prosecute, compromise, settle, dismiss, release, waive, withdraw, abandon, or resolve all Assigned Litigation Trust Claims.

(k) Calculate and make all Distributions on behalf of the Litigation Trust to the Beneficiaries provided for in, or contemplated by, the Plan and this Agreement.

(l) Establish, adjust, and maintain reserves for Disputed Claims required to be administered by the Litigation Trust.

(m) Cause the Litigation Trust to withhold from the amount distributable to any Person the maximum amount needed to pay any tax or other charge that the Litigation Trustee has determined, based upon the advice of its agents and/or professionals, may be required to be withheld from such Distribution under the income tax or other laws of the United States or of any state or political subdivision thereof.

(n) In reliance initially solely upon the Debtors' schedules and the claims register (the "**Claims Register**") maintained in the Debtors' Chapter 11 Cases, review, and where appropriate, cause the Litigation Trust to allow or object to Claims; and supervise and administer the Litigation Trust's commencement, prosecution, settlement, compromise, withdrawal, or resolution of all objections to Disputed Claims required to be administered by the Litigation Trust.

(o) In reliance upon the Debtors' schedules and the Claims Register, maintain a register evidencing the beneficial interest herein held by each Beneficiary and such register may be the official Claims register maintained in the Chapter 11 Case; and expunge from the Claims Register any Claim that has been paid, satisfied, superseded and adjust on the Claims Register any Claim that has been amended without having to file an objection to such Claim and without any further notice to or action, order, or approval of the Bankruptcy Court.

(p) Cause the Litigation Trust to make all tax withholdings, file tax information returns, file and prosecute tax refund claims, make tax elections by and on behalf of the Trust, and file tax returns for the Litigation Trust as a grantor trust under IRC section 671 and Treasury Income Tax Regulation section 1.671-4 pursuant to and in accordance with the Plan and ARTICLE VII hereof, and pay taxes, if any, payable for and on behalf of the Litigation Trust; *provided, however*, that notwithstanding any other provision of this Agreement, the Litigation Trustee shall have no personal responsibility for the signing or accuracy of the Debtors' income tax returns that are due to be filed after the Effective Date or for any tax liability related thereto.

(q) Cause the Litigation Trust to abandon or donate any Trust Assets that the Litigation Trustee determines to be too impractical to distribute to Beneficiaries or of inconsequential value to the Litigation Trust and Beneficiaries to the charity of his choice, provided that said charity is a section 501(c)(3) tax-exempt non-profit organization under the US Internal Revenue Code and the Litigation Trustee has no material connection to the charity.

(r)  Cause the Litigation Trust to seek a determination of tax liability or refund under section 505 of the Bankruptcy Code.

(s) Cause the Litigation Trust to establish such reserves for taxes, assessments, and other expenses of administration of the Litigation Trust as may be necessary and appropriate for

the proper operation of matters incident to the Litigation Trust.

(t)  Cause the Litigation Trust to purchase and carry all insurance policies that the Litigation Trustee deems reasonably necessary or advisable and to pay all associated insurance premiums and costs out of the Trust Assets.

(u)  If the Litigation Trustee has a conflict or if any of the Trust Assets are situated in any state or other jurisdiction in which the Litigation Trustee is not qualified to act as trustee, nominate, and appoint a Person duly qualified to act as trustee in such state or jurisdiction in accordance with the terms of this Agreement.

(v)  Undertake all administrative functions of the Litigation Trust, including overseeing the winding down and termination of the Litigation Trust, with all wind-up powers available under applicable state law being vested with the Litigation Trustee.

(w) Undertake all administrative functions remaining in the Chapter 11 Cases, including reporting and overseeing the closing of the Chapter 11 Cases.

(x)  Exercise, implement, enforce, and discharge all of the terms, conditions, powers, duties, and other provisions of the Plan, the Confirmation Order, and this Agreement.

(y)  Assist with winding down the Debtor entities.

(z)  Take all other actions or omittances consistent with the provisions of the Plan that the Litigation Trustee deems reasonably necessary or desirable to administer the Litigation Trust.

(aa) Move to close, suspend, or abate the Chapter 11 Cases or request a final decree to minimize Litigation Trust expenses and maximize Beneficiary recovery or, as necessary to fulfil its obligations under this Agreement, move to reopen the Chapter 11 Cases subsequent to their closing.

(bb) Seek any relief from the Bankruptcy Court that would aid the Litigation Trustee in fulfilling its duties, including, but not limited to, requesting the Bankruptcy Court approve any Distribution to Beneficiaries, though, for the avoidance of doubt, approval of the Bankruptcy Court shall not be a perquisite for effecting any Distribution.

**Section 3.05   Exclusive Authority to Pursue Assigned Litigation Trust Claims**. Without limiting the Litigation Trustee's authority as provided in Sections 3.01 and 3.04, the Litigation Trustee shall have the exclusive right, power, and interest to pursue, settle, waive, release, abandon, or dismiss the Assigned Litigation Trust Claims without the necessity of Bankruptcy Court approval; *provided, however*, that, so long as Settle remains a Beneficiary, the Litigation Trustee shall provide to Settle at its reasonable request, which shall be no more frequently than monthly, a report as to the status and anticipated resolution of the Assigned Litigation Trust Claims. The Litigation Trust shall be the sole representative of the Estates under section 1123(b)(3) of the Bankruptcy Code with respect to the Assigned Litigation Trust Claims.

**Section 3.06   Abandonment**. If, in the Litigation Trustee's reasonable judgment, any non-cash Trust Assets cannot be sold in a commercially reasonable manner or the Litigation Trustee believes in

good faith that such property has inconsequential value to the Trust or its Beneficiaries, the Litigation Trustee shall have the right to cause the Trust to abandon or otherwise dispose of such property, including by donation of such property to the charity of his choice, provided that said charity is a section 501(c)(3) tax-exempt non-profit organization under the US Internal Revenue Code and the Trustee has no material connection to the charity.

**Section 3.07   Responsibility for Administration of Claims**. As of the Effective Date, the Trust shall become responsible for administering and paying Distributions to the Beneficiaries entitled to receive Distributions from the Trust pursuant to the Plan. The Trust shall have the ~~exclusive~~ right to object to the allowance of any Claim on any ground and shall be entitled to assert all defenses of the Debtors and their Estates. The Trust shall also be entitled to assert all of the Estates' rights under, without limitation, section 558 of the Bankruptcy Code. The Trust may also seek estimation of any Claims under and subject to section 502(c) of the Bankruptcy Code. Anything to the contrary herein notwithstanding, the Trust shall not make a Distribution on account of any Claim to the extent that the Litigation Trustee has determined the Claim has already been satisfied or paid, even in the absence of a timely objection to said Claim by the Litigation Trustee, the Subchapter V Trustee, or the Debtors.

**Section 3.08   Agents and Professionals**. The Litigation Trustee may, but shall not be required to, consult with and retain attorneys, financial advisors, accountants, appraisers, and other professionals the Litigation Trustee believes have qualifications necessary to assist in the administration of the Litigation Trust, including professionals previously retained by the Debtors. For the avoidance of doubt, and without limitation of applicable law, nothing in this Agreement shall limit the Litigation Trustee from engaging counsel or other professionals, including the Litigation Trustee itself or the Litigation Trustee's firm or their affiliates, to do work for the Trust. The Litigation Trustee shall approve and pay (subject to the Budget) the reasonable salaries, fees and expenses of such Persons out of the Trust Assets in the ordinary course of business. The Litigation Trustee may enter the Litigation Trust into any customary compensation arrangements with professionals, including reasonable contingency fee arrangements with legal counsel.

**Section 3.09   Safekeeping and Investment of Trust Assets**. All moneys and other assets received by the Litigation Trustee shall, until distributed or paid over as provided herein and in the Plan, be held in trust for the benefit of Beneficiaries, but need not be segregated in separate accounts from other Trust Assets, unless and to the extent required by law or the Plan. The Litigation Trustee shall not be under any obligation to invest Trust Assets. Neither the Litigation Trust nor the Litigation Trustee shall have any liability for interest or producing income on any moneys received by them and held for Distribution or payment to holders of Claims, except as such interest shall actually be received by the Litigation Trust or Litigation Trustee, which shall be distributed as provided in the Plan. Except as otherwise provided by the Plan, the powers of the Litigation Trustee to invest any moneys held by the Litigation Trust, other than those powers reasonably necessary to maintain the value of the assets and to further the Litigation Trust's liquidating purpose, shall be limited to powers to invest in demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary liquid investments, such as treasury bills; provided, however, that the scope of permissible investments shall be limited to include only those investments that a Litigation Trust, within the meaning of Treas. Reg. § 3.01.7701-4(d), may be permitted to hold pursuant to the Treasury Regulations, or any modification of the IRS guidelines, whether set forth in IRS rulings, IRS pronouncements, or otherwise. Notwithstanding the foregoing, the Litigation Trustee shall not be prohibited from engaging in any trade or business on its own account, provided that such activity does not interfere or conflict with the Litigation Trustee's administration of the Litigation Trust.

**Section 3.10   Maintenance and Disposition of Trust Records**. The Litigation Trustee shall maintain accurate records of the administration of Trust Assets, including receipts and disbursements and other activity of the Litigation Trust. The Trust may engage a claims agent to continue to maintain and update the Claims Register throughout the administration of the Litigation Trust, and such Claims register may serve as the Litigation Trustee's register of beneficial interests held by Beneficiaries. The books and records maintained by the Litigation Trustee may be disposed of by the Litigation Trustee at the later of (a) such time as the Litigation Trustee determines that the continued possession or maintenance of such books and records is no longer necessary for the benefit of the Litigation Trust or its Beneficiaries or for the Litigation Trust or its Beneficiaries to comply with IRS reporting requirements, or (b) upon the termination and completion of the winding down of the Litigation Trust.

**Section 3.11   Reporting Requirements**. To the extent feasible and practicable as determined by the Litigation Trustee, each Distribution by the Litigation Trustee shall be accompanied by a report to the Beneficiaries which details and accounts for the Trust Assets remaining since the prior report. The report shall include a summary of expenses incurred by the Litigation Trustee and Distributions made on account of Claims of the Beneficiaries. If the Chapter 11 Cases are open after the Litigation Trustee makes all Distributions provided by the Plan and this Agreement, the Litigation Trustee shall, contemporaneously with any motion for final decree, file a final report with the Bankruptcy Court which details and accounts for the Trust Assets and contains a summary of expenses incurred by the Litigation Trustee and Distributions made on account of Claims held by the Beneficiaries.

Pursuant to the Confirmation Order, the Litigation Trustee shall also file quarterly post-confirmation reports with the Bankruptcy Court, served on the U.S. Trustee and Subchapter V Trustee on or before the 20th day after the end of the calendar quarter. The reporting shall include, at a minimum, the following information:

   (a)   the bank name & account type of the Litigation Trust's bank accounts;

   (b)   the name of the person with signatory authority over the accounts;

   (c)   any investments (general type), if any, and where those investments are located;

   (d)   Plan disbursements during the reporting period (by class); and

   (e)   cumulative Plan disbursements to date.

**Section 3.12   Conflicts of Interest**. The Litigation Trustee will appoint a disinterested Person to handle any matter where the Litigation Trustee has identified a conflict of interest or the Bankruptcy Court, on motion of a party in interest, determines one exists. In the event the Litigation Trustee is unwilling or unable to appoint a disinterested Person to handle any such matter, the Bankruptcy Court, on notice and hearing, may do so.

**Section 3.13   No Bond Required; Procurement of Insurance**. Notwithstanding any state or other applicable law to the contrary, the Litigation Trustee (including any successor Trustee) shall be exempt from giving any bond or other security in any jurisdiction and shall serve hereunder without bond. The Litigation Trustee is hereby authorized, but not required to obtain all reasonable insurance coverage for itself, its agents, representatives, employees or independent contractors, including, without limitation, coverage with respect to the liabilities, duties and obligations of the Litigation Trustee and its

agents, representatives, employees, or independent contractors under this Agreement. The cost of any such insurance coverage shall be an expense of the Litigation Trust and paid out of Trust Assets.

Section 3.14   **Charitable Donations**. Upon determining in his reasonable judgment that there are insufficient assets to feasibly make a Distribution to Beneficiaries with remaining Trust Assets consistent with the terms and conditions of this Agreement, the Litigation Trustee may donate any remaining proceeds to the charity of his choice, provided that said charity is a section 501(c)(3) tax-exempt non-profit organization under the US Internal Revenue Code and the Litigation Trustee has no material connection to the charity.

## ARTICLE IV

### Distributions

Section 4.01   **Distribution and Reserve of Trust Assets**. Following the transfer of Trust Assets to the Trust, the Litigation Trustee shall make continuing efforts on behalf of the Litigation Trust to collect, liquidate, and distribute all Trust Assets in accordance with the Plan, this Agreement and the Settle Settlement, subject to the reserves required under the Plan or this Agreement.

(a) **Distributions**.   The Litigation Trustee shall cause the Litigation Trust to distribute the Litigation Trust's net Cash income and net Cash proceeds from the liquidation of the Trust Assets to the Beneficiaries, except the Litigation Trust may retain, subject to the Budget, an amount of net income and other Trust Assets reasonably necessary to maintain the value of the Trust Assets or to meet administrative expenses, fee obligations, claims and contingent liabilities of the Litigation Trust and Litigation Trustee, and retention of such amount may preclude Distributions to the Beneficiaries.

(i) **Distributions to Settle**. As provided for in the Plan and the Settle Settlement, any distributions or other payments (other than payments made in accordance with the Budget) shall first be made to Settle to satisfy the Remaining Settle Claim before any other distribution or payment is made from the Litigation Trust.

(ii) **Litigation Trust Budget**. Prior to the Plan Effective Date, Settle approved a 13-week budget setting forth projected sources and uses by the Litigation Trust of the Trust Assets, which include Settle's cash collateral (the "**Initial Budget**," and such subsequent budgets thereafter, the "**Budget**"). The Litigation Trust and the Litigation Trustee acknowledge and agree to the Initial Budget and shall not be permitted to use any Trust Asset except as authorized in the Budget or as provided for in the Settle Settlement. Prior to the expiration of the Initial Budget period (and any subsequent budget period), the Liquidating Trustee shall provide a further proposed Budget to Settle, which Settle in its sole discretion may approve, *provided, however*, that Settle shall make best efforts to approve such Budget prior to the expiration of the previous Budget period.

(b) **Reserves; Pooling of Reserved Funds**.   Before any Distribution can be made, the Litigation Trustee shall, in its reasonable discretion and subject to the Budget, establish, supplement, and maintain reserves in an amount sufficient to meet any and all expenses and liabilities of the Litigation Trust, including attorneys' fees and expenses and the fees and expenses of

other professionals. The Litigation Trustee need not maintain the Litigation Trust's reserves in segregated bank accounts and may pool funds in the reserves with each other and other funds of the Litigation Trust; provided, however, that the Litigation Trust shall treat all such reserved funds as being held in a segregated manner in its books and records.

(c) **Distributions Net of Reserves and Costs**.  Distributions shall be made net of reserves in accordance with the Plan and also net of the actual and reasonable costs of making the Distributions.

(d) **Right to Rely on Professionals**.  Without limitation of the generality of Section 6.06 of this Agreement, in determining the amount of any Distribution or reserves, the Litigation Trustee may rely and shall be fully protected in relying on the advice and opinion of the Trust's financial advisors, accountants, or other professionals.

**Section 4.02   Method and Timing of Distributions**. Distributions to the Beneficiaries will be made from the Litigation Trust in accordance with the terms of the Plan and this Agreement. The Litigation Trust may engage disbursing agents and other Persons to help make Distributions.

**Section 4.03   Withholding from Distributions**. The Litigation Trustee, in its discretion, may cause the Litigation Trust to withhold from amounts distributable from the Litigation Trust to any Beneficiary any and all amounts as may be sufficient to pay the maximum amount of any tax or other charge that has been or might be assessed or imposed by any law, regulation, rule, ruling, directive, or other governmental requirement on such Beneficiary or the Litigation Trust with respect to the amount to be distributed to such Beneficiary. The Litigation Trustee shall determine such maximum amount to be withheld by the Litigation Trust in its sole, reasonable discretion and shall cause the Trust to distribute to the Beneficiary any excess amount withheld.

**Section 4.04   Tax Identification Numbers**. The Litigation Trustee may require any Beneficiary to furnish its taxpayer identification number as assigned by the Internal Revenue Service by submitting a Form W-8, Form W-9, or other form completed in writing to the Litigation Trustee and may condition any Distribution to any Beneficiary upon receipt of such completed form. If a Beneficiary does not timely provide the Litigation Trustee with its taxpayer identification number in the manner and by the deadline established by the Litigation Trustee—to be not less than **forty-five (45) days** from the  service of the request to the Beneficiary for its tax identification information—then the Trustee may set aside any Distribution payable to the Beneficiary for a period of **ninety (90) days** following service of the request for the information. If the unresponsive Beneficiary provides the information in the manner requested in the 90-day period, the Litigation Trustee shall disburse any set aside Distribution, without interest, to the Beneficiary. However, if the Beneficiary fails to provide the requested information within the 90-day period, then any Distribution set aside but otherwise payable to the unresponsive Beneficiary shall be deemed "unclaimed property" and the Beneficiary shall waive his right to participate in this and any subsequent Distributions as set forth in Section 4.05.

**Section 4.05   Unclaimed and Undeliverable Distributions**. If any Distribution to a Beneficiary is returned to the Litigation Trustee as undeliverable or is unclaimed, the Litigation Trustee shall not be required to make Distributions to such Beneficiary until the Beneficiary claims the missed Distribution by timely notifying the Litigation Trustee in writing of its current address along with any other information necessary to make the Distribution to the Beneficiary in accordance with this Agreement, the Plan, and applicable law. If the Beneficiary provides the Litigation Trustee with its current address and such other information necessary to make the Distribution within **ninety (90) days**

of the original disbursement, the missed Distribution shall be made to the Beneficiary as soon as is practicable, without interest. However, if any Distribution that is undeliverable or otherwise unclaimed is not claimed within **ninety (90) days** of the original disbursement, such Distribution shall be deemed "unclaimed property" under Bankruptcy Code section 347(b) and forfeited, and the forfeiter shall consequentially lose his status as a Beneficiary of the Litigation Trust. After the 90-day period to claim property has elapsed, the unclaimed property or interests in property shall revert to the Trust for redistribution to Beneficiaries or, as may be necessary, for payment of Litigation Trust expenses, or for disposal pursuant to Section 3.14 of this Agreement, in accordance with the terms of the Plan; the Claim to such unclaimed property or interest in property shall be forever barred, expunged, and deemed Disallowed; and the holder of said claim deemed Disallowed shall be enjoined from receiving any Distributions under this Agreement and from asserting such Disallowed Claim against the Litigation Trust or Litigation Trustee.

(a) **No Responsibility to Attempt to Locate Beneficiaries**. The Litigation Trustee may, in its sole discretion, attempt to determine a Beneficiary's current address or otherwise locate a Beneficiary, but nothing in this Agreement or the Plan shall require the Litigation Trustee to do so.

(b) **Inapplicability of Unclaimed Property or Escheat Laws**. Unclaimed property held by the Trust shall not be subject to the unclaimed property or escheat laws of the United States, any state, or any local governmental unit.

Section 4.06   **Voided Checks; Request for Reissuance**. Distribution checks issued to Beneficiaries shall be null and void if not negotiated within **ninety (90) days** after the date of issuance thereof. The Litigation Trustee shall not be required to reissue any check except upon directly receiving a request in writing from the Beneficiary that was originally issued such check within **ninety (90) days** of the disbursement of the Distribution. If the 90-day period elapses without the Beneficiary requesting the check be reissued, the unresponsive holder's Distribution shall be deemed "unclaimed property" and the Beneficiary shall waive its rights to participate in this and any subsequent Distributions as set forth in Section 4.05. The foregoing notwithstanding, **ninety (90) days** after the final Distribution under section 1194 of the Bankruptcy Code, the Litigation Trustee shall stop payment on any check remaining unpaid, the corresponding Distribution shall be deemed unclaimed property same as if the 90-day period provided under Section 4.05 had elapsed, and all unclaimed property shall be redistributed to Beneficiaries or, as may be necessary, used to pay Litigation Trust expenses or disposed of pursuant to Section 3.14 of this Agreement.

Section 4.07   **Conflicting Claims**. If any conflicting claims or demands are made or asserted with respect to the beneficial interest of a Beneficiary under this Agreement, or if there is any disagreement between the assignees, transferees, heirs, representatives, or legatees succeeding to all or a part of such an interest resulting in adverse claims or demands being made in connection with such interest, then, in any of such events, the Litigation Trustee shall be entitled, in its sole discretion, to refuse to comply with any such conflicting claims or demands.

(a) The Litigation Trustee may elect to cause the Litigation Trust to make no payment or Distribution with respect to the beneficial interest subject to the conflicting claims or demand, or any part thereof, and to refer such conflicting claims or demands to the Bankruptcy Court, which shall have exclusive jurisdiction over resolution of such conflicting claims or demands. Neither the Litigation Trust nor the Litigation Trustee shall be or become liable to any of such parties for their refusal to comply with any such conflicting claims or

demands, nor shall the Trust or Trustee be liable for interest on any funds which may be so withheld.

(b) The Litigation Trustee shall be entitled to refuse to act until either (i) the rights of the adverse claimants have been adjudicated by a Final Order of the Bankruptcy Court, or (ii) all differences have been resolved by a valid written agreement among all such parties to the satisfaction of the Litigation Trustee, which agreement shall include a complete release of the Trust and Trustee. Until the Litigation Trustee receives written notice that one of the conditions of the preceding sentence is met, the Litigation Trustee may deem and treat the Beneficiary as the absolute owner under this Agreement of the beneficial interest in the Trust the Beneficiary identified as the owner of that interest in the books and records maintained by the Litigation Trustee. The Litigation Trustee may deem and treat such Beneficiary as the absolute owner for purposes of receiving Distributions and any payments on account thereof for federal and state income tax purposes, and for all other purposes whatsoever.

(c) In acting or refraining from acting under and in accordance with this Section 4.07 of the Agreement, the Litigation Trustee shall be fully protected and incur no liability to any purported claimant or any other Person to the fullest extent set forth in ARTICLE VI of this Agreement.

**Section 4.08   Priority of Expenses of Trust**. Subject to Section 4.01, the Trust may pay or reserve for all of its expenses in accordance with the Budget before making Distributions.

**Section 4.09   *De Minimis* and Partial Distributions**. Notwithstanding anything herein to the contrary, the Litigation Trustee shall not be required to make: (i) partial Distributions or payments of fractions of dollars or (ii) a Distribution if the amount to be distributed is or has an economic value of less than fifty dollars ($50). Any funds so withheld and not distributed shall be held in reserve and distributed in subsequent Distributions, subject to the rights of the Litigation Trustee as set forth in Section 3.14 herein. Notwithstanding the foregoing, all cash not reserved for Trust expenses shall be distributed to Beneficiaries in accordance with Plan.

## ARTICLE V

### Beneficiaries

**Section 5.01   Interest Beneficial Only**. The ownership of a beneficial interest in the Litigation Trust shall not entitle any Beneficiary to any title in or to the Trust Assets or to any right to call for a partition or division of such assets or to require an accounting.

**Section 5.02   Ownership of Beneficial Interests Hereunder**. Each Beneficiary shall own a beneficial interest herein, which shall, subject to Section 4.01 herein and the Plan, be entitled to a Distribution in the amounts, and at the times, set forth in the Plan.

**Section 5.03   Evidence of Beneficial Interest**. Ownership of a beneficial interest in the Trust Assets shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Trust by the Litigation Trustee.

**Section 5.04   No Right to Accounting**. Except as set forth in Sections 3.05, 4.01 and 8.04 of

this Agreement, neither the Beneficiaries nor their successors, assigns, creditors, or any other Person shall have any right to an accounting by the Litigation Trustee, and the Litigation Trustee shall not be obligated to provide any accounting to any Person; *provided, however*, the Litigation Trustee shall provide an accounting or such other information to Settle as Settle may reasonably request, which shall be no more frequently than monthly, for so long as Settle remains a Beneficiary. Nothing in this Agreement is intended to require the Litigation Trustee at any time or for any purpose to file any accounting or seek approval of any court with respect to the administration of the Trust or as a condition for making any advance, payment, or Distribution out of proceeds of Trust Assets.

Section 5.05   **No Standing**. Except as expressly provided in this Agreement, a Beneficiary shall not have standing to direct or to seek to direct the Litigation Trust or Litigation Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any Person upon or with respect to the Trust Assets.

Section 5.06   **Requirement of Undertaking**. The Litigation Trustee may request the Bankruptcy Court to require, in any suit for the enforcement of any right or remedy under this Agreement, or in any suit against the Litigation Trustee for any action taken or omitted by it as Litigation Trustee, that the filing party litigant in such suit pay the costs of such suit, including reasonable attorneys' fees, against any party litigant in such suit; provided, however, that the provisions of this Section 5.06 shall not apply to any suit by the Litigation Trustee.

Section 5.07   **Limitation on Transferability**. It is understood and agreed that the beneficial interests herein shall be non-transferable and non-assignable during the term of this Agreement except by operation of law. An assignment by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the Litigation Trustee, and the Litigation Trustee may continue to cause the Trust to pay all amounts to or for the benefit of the assigning Beneficiaries until receipt of proper notification and proof of assignment by operation of law. The Litigation Trustee may rely upon such proof without the requirement of any further investigation.

Section 5.08   **Exemption from Registration**. The rights of the Beneficiaries arising under this Agreement have not been defined as "securities" under the Plan because the parties hereto intend that such rights shall not be securities. However, to the extent the rights arising under this Agreement in favor of the Beneficiaries are deemed to be "securities," the exemption from registration under section 1145 of the Bankruptcy Code is intended to be applicable. No party to this Agreement shall make a contrary or different contention.

Section 5.09   **Delivery of Distributions**. Subject to the terms of this Agreement, the Litigation Trustee shall cause the Litigation Trust to make Distributions to Beneficiaries in the manner provided in the Plan.

## ARTICLE VI

### Indemnification and Third Party Rights

Section 6.01   **Parties Dealing With the Litigation Trustee**. In the absence of actual knowledge to the contrary, any Person dealing with the Trust or the Litigation Trustee shall be entitled to rely on the authority of the Litigation Trustee or any of the Litigation Trustee's agents to act in

connection with the Trust Assets. There is no obligation of any Person dealing with the Litigation Trustee to inquire into the validity, expediency, or propriety of any transaction by the Litigation Trustee or any agent of the Litigation Trustee.

**Section 6.02    Limitation of Trustee's Liability**. In exercising the rights granted herein, the Litigation Trustee shall exercise the Litigation Trustee's best judgment, to the end that the affairs of the Litigation Trust shall be properly managed and the interests of all of the Holders of Claims safeguarded. But, notwithstanding anything herein or in the Plan to the contrary, neither Litigation Trustee, its respective firms, companies, affiliates, partners, officers, directors, members, employees, professionals, advisors, attorneys, financial advisors, investment bankers, disbursing agents, or agents, nor any foregoing Person's successors and assigns shall incur any responsibility or liability by reason of any error of law or fact or of any matter or thing done or suffered or omitted to be done under or in connection with this Agreement, whether sounding in tort, contract, or otherwise, except for fraud, gross negligence, or willful misconduct that is found by a final judgment (not subject to further appeal or review) of a court of competent jurisdiction to be the direct and primary cause of loss, liability, damage, or expense suffered. In no event shall the Litigation Trustee be liable for indirect, punitive, special, incidental, or consequential damage or loss (including but not limited to lost profits) whatsoever, even if the Litigation Trustee has been informed of the likelihood of such loss or damages and regardless of the form of action.

**Section 6.03    No Liability for Acts of Other Persons**. None of the Persons identified in the immediately preceding Section 6.02 of this Agreement shall be liable for the act or omission of any other Person identified in that section.

**Section 6.04    No Liability for Acts of Predecessors**. No successor Trustee shall be in any way responsible for the acts or omissions of any Trustee in office prior to the date on which such successor becomes the Litigation Trustee, unless a successor Trustee expressly assumes such responsibility.

**Section 6.05    No Liability for Good Faith Error of Judgment**. The Litigation Trustee shall not be liable for any error of judgment made in good faith, unless it shall be finally determined by a final judgment of a court of competent jurisdiction (not subject to further appeal or review) that the Litigation Trustee was grossly negligent or engaged in willful misconduct in ascertaining the pertinent facts.

**Section 6.06    Reliance by Trustee on Documents and Advice of Counsel or Other Persons**. Except as otherwise provided herein, the Litigation Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by them to be genuine and to have been signed or presented by the proper party or parties. The Litigation Trustee also may engage and consult with their respective legal counsel and other agents and advisors, and shall not be liable for any action taken, omitted, or suffered by them in reliance upon the advice of such counsel, agents, or advisors.

**Section 6.07    No Liability for Acts Approved by Bankruptcy Court**. The Litigation Trustee shall have the right at any time to seek instructions from the Bankruptcy Court concerning the administration or disposition of the Trust Assets and the Claims required to be administered by the Litigation Trust. The Litigation Trustee shall be liable for any act or omission that has been approved by the Bankruptcy Court, and all such actions or omissions shall conclusively be deemed not to constitute fraud, gross negligence, or willful misconduct.

**Section 6.08    No Personal Obligation for Trust Liabilities**. Persons dealing with the

Litigation Trustee shall have recourse only to the Trust Assets to satisfy any liability incurred by the Litigation Trustee to any such Person in carrying out the terms of this Agreement, and the Litigation Trustee shall have no personal, individual obligation to satisfy any such liability.

**Section 6.09  Indemnification**. The Litigation Trustee and its firms, companies, affiliates, partners, officers, directors, members, employees, professionals, advisors, attorneys, financial advisors, investment bankers, disbursing agents, or agents and any of such parties' successors and assigns (collectively, the "**Indemnified Parties**" and each, an "**Indemnified Party**") shall, to the fullest extent permitted by applicable law, be defended, held harmless, and indemnified by the Litigation Trust from time to time and receive reimbursement from and against any and all loss, liability, expense (including reasonable and documented counsel fees), or damage of any kind, type or nature, whether sounding in tort, contract, or otherwise, that the Indemnified Parties may incur or sustain in connection with the exercise or performance of any of the Litigation Trust's or Litigation Trustee's powers and duties under this Agreement or in rendering services by the Indemnified Party to the Litigation Trust or Litigation Trustee (the "**Indemnified Conduct**"), including, without limitation, the costs of counsel or others in investigating, preparing, defending, or settling any action or claim (whether or not litigation has been initiated against the Indemnified Party) or in enforcing this Agreement (including its indemnification provisions), except if such loss, liability, expense, or damage is finally determined by a final judgment (not subject to further appeal or review) of a court of competent jurisdiction to result directly and primarily from the fraud, gross negligence, or willful misconduct of the Indemnified Party asserting this provision.

(a) **Expense of Trust; Limitation on Source of Payment of Indemnification**. All indemnification liabilities of the Litigation Trust under this Section 6.09 shall be an expense of the Litigation Trust. The amounts necessary for such indemnification and reimbursement shall be paid by the Trust out of the available Trust Assets after reserving for all actual and anticipated expenses and liabilities of the Litigation Trust. The Litigation Trustee shall not be personally liable for the payment of any Litigation Trust expense or claim or other liability of the Litigation Trust, and no Person shall look to the Litigation Trustee or other Indemnified Parties personally for the payment of any such expense or liability.

(b) **Procedure for Current Payment of Indemnified Expenses; Undertaking to Repay**. The Trust shall reasonably promptly pay an Indemnified Party all amounts subject to indemnification under this Section 6.09 on submission of invoices for such amounts by the Indemnified Party. All invoices for indemnification shall be subject to the approval of the Litigation Trustee. By accepting any indemnification payment, the Indemnified Party undertakes to repay such amount promptly if it is determined that the Indemnified Party is not entitled to be indemnified under this Agreement. The Bankruptcy Court shall hear and finally determine any dispute arising out of this Section 6.09.

**Section 6.10  No Implied Obligations**. The Litigation Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, and no implied covenants or obligations shall be read into this Agreement against the Litigation Trustee.

**Section 6.11  Confirmation of Survival of Provisions**. Without limitation in any way of any provision of this Agreement, the provisions of this ARTICLE VI shall survive the death, dissolution, liquidation, resignation, replacement, or removal, as may be applicable, of the Litigation Trustee, or the termination of the Trust or this Agreement, and shall inure to the benefit of the Litigation Trustee's and the Indemnified Parties' heirs and assigns.

## ARTICLE VII

### Tax Matters

**Section 7.01   Tax Treatment of Trust**. Pursuant to and in accordance with the Plan, for all federal income tax purposes, the Debtors, the Beneficiaries, the Litigation Trustee, and the Trust shall treat the Trust as a Litigation Trust within the meaning of Treasury Income Tax Regulation Section 301.7701-4(d) and IRS Revenue Procedure 94-45, and transfer of the Trust Assets to the Trust shall be treated as a transfer of the Trust Assets by the Debtors to the Beneficiaries in satisfaction of their Allowed Claims, followed by a transfer of the Trust Assets by the Beneficiaries to the Litigation Trust in exchange for their pro rata beneficial interests in the Trust. The Beneficiaries shall be treated as the grantors and owners of the Litigation Trust for federal income tax purposes.

**Section 7.02   Annual Reporting and Filing Requirements**. Pursuant to and in accordance with the terms of the Plan and this Agreement, the Litigation Trustee shall file tax returns for the Trust as a grantor trust pursuant to Treasury Income Tax Regulation Section 1.671-4(a).

**Section 7.03   Tax Treatment of Reserves for Disputed Claims**. The Litigation Trustee may, in the Litigation Trustee's sole discretion, determine the best way to report for tax purposes with respect to any reserve for Disputed Claims, including (a) filing a tax election to treat any and all reserves for Disputed Claims as a Disputed Ownership Fund ("**DOF**") within the meaning of Treasury Income Tax Regulation Section 1.468B-9 for federal income tax purposes rather than to tax such reserve as a part of the Litigation Trust, or (b) electing to report as a separate trust or sub-trust or other entity. If an election is made to report any reserve for disputed claims as a DOF, the Litigation Trust shall comply with all federal and state tax reporting and tax compliance requirements of the DOF, including but not limited to the filing of a separate federal tax return for the DOF and the payment of federal and/or state income tax due.

**Section 7.04   Valuation of Trust Assets**. After the Effective Date, but in no event later than the due date for timely filing of the Trust's first federal income tax return (taking into account applicable tax filing extensions), the Litigation Trustee shall (a) determine the fair market value of the Trust Assets as of the Effective Date, based on the Litigation Trustee's good faith determination, and (b) establish appropriate means to apprise the Beneficiaries of such valuation. The valuation shall be used consistently by all parties (including, without limitation, the Debtors, the Litigation Trust, the Litigation Trustee, and the Beneficiaries) for all federal income tax purposes.

## ARTICLE VIII

### Trustee Selection, Removal, Replacement, and Compensation

**Section 8.01   Initial Trustee**. The Litigation Trustee has been selected by the Debtors, after consultation with Settle, and is appointed effective as of the Effective Date. The initial trustee shall be the Litigation Trustee.

**Section 8.02   Term of Service**. The Litigation Trustee shall serve until (a) the completion of

the administration of the Trust Assets and the Litigation Trust, including the winding up of the Litigation Trust, in accordance with this Agreement and the Plan; (b) termination of the Litigation Trust in accordance with the terms of this Agreement and the Plan; or (c) the Litigation Trustee's resignation, death, incapacity or removal. In the event the Litigation Trustee's appointment terminates by reason of death, dissolution, liquidation, resignation, or removal, the Litigation Trustee shall be immediately compensated for all reasonable fees and expenses accrued through the effective date of termination, whether or not previously invoiced. The provisions of ARTICLE VI of this Agreement shall survive the resignation or removal of any Trustee.

**Section 8.03   Removal of Trustee**. Any party in interest, on notice and hearing before the Bankruptcy Court, may seek removal of the Litigation Trustee for cause. The Bankruptcy Court shall hear and finally determine any dispute arising out of this section.

**Section 8.04   Resignation of Trustee**. The Litigation Trustee may resign at any time on written notice to Settle (if Settle remains a Beneficiary at such time), the United States Trustee, the Subchapter V Trustee, and Bankruptcy Court. The resignation shall be effective on the later of (a) the date specified in the notice of resignation, or (b) the date that is thirty (30) days after the date such notice is filed with the Bankruptcy Court and served on the Subchapter V Trustee and United States Trustee. In no case shall the resignation of the Litigation Trustee be effective on less than thirty (30) days' notice. In the event of a resignation, the resigning Trustee shall render to Settle (if Settle remains a Beneficiary at such time), the Subchapter V Trustee and the United States Trustee a full and complete accounting of monies and assets received, disbursed, and held during the term of office of that Trustee.

**Section 8.05   Appointment of Successor Trustee**. Upon the resignation~~,~~ of a Trustee, the resigning Trustee shall appoint a successor Trustee, in consultation with Settle; *provided, however*, that Settle remains a Beneficiary of the Litigation Trust at such time. Upon death, incapacity, or removal of a Trustee, a successor Trustee shall be appointed by the ~~Debtors~~Subchapter V Trustee, in consultation with Settle; *provided, however*, that Settle remains a Beneficiary of the Litigation Trust at such time. In the event no party in interest seeks the appointment of a successor Trustee, the Bankruptcy Court may do so on its own motion. Any successor Trustee so appointed shall consent to and accept its appointment as successor Trustee, which may be done by e-mail or through acquiescence in not objecting to a motion for approval of its appointment as successor Trustee. Any successor Trustee may be appointed to serve only on an interim basis.

**Section 8.06   Powers and Duties of Successor Trustee**. A successor Trustee shall have all the rights, privileges, powers, and duties of its predecessor under this Agreement, the Plan, and Confirmation Order.

**Section 8.07   Trust Continuance**. The resignation, death, incapacitation, dissolution, liquidation, or removal of the Litigation Trustee shall not terminate the Litigation Trust or revoke any existing agency created pursuant to this Agreement or invalidate any action theretofore taken by the Litigation Trustee.

**Section 8.08   Compensation of Trustee and Costs of Administration**. The Litigation Trustee shall receive fair and reasonable compensation for its services, which shall be a charge against, and paid out of, the Trust Assets subject to the Budget. After the Remaining Settle Claim is paid in full, all costs, expenses, and obligations incurred by the Litigation Trustee (or professionals who may be employed by the Litigation Trustee in administering the Trust, in carrying out their other responsibilities under this Agreement, or in any manner connected, incidental, or related thereto) shall be paid by the Trust from

the Trust Assets prior to any Distribution to the remaining Beneficiaries. For the avoidance of doubt and consistent with Section 4.01 and the Settle Settlement, no costs, expenses, or obligations by the Litigation Trustee (or any professionals employed thereby) shall be paid from the Trust Assets (or their proceeds) until the Remaining Settle Claim has been paid in full except as provided for in the Budget. The terms of the compensation of the Litigation Trustee and the timing and manner of payment are set forth on **Exhibit A** attached hereto.

**Section 8.09   Appointment of Supplemental Trustee**. If the Litigation Trustee has a conflict or any of the Trust Assets are situated in any state or other jurisdiction in which the Litigation Trustee is not qualified to act as trustee, the Litigation Trustee, in consultation with Settle, shall nominate and appoint a Person duly qualified to act as trustee (the "**Supplemental Trustee**") in such state or jurisdiction and require from each such Supplemental Trustee such security as may be designated by the Litigation Trustee in its discretion. The Litigation Trustee may confer upon such Supplemental Trustee all of the rights, powers, privileges, and duties of the Litigation Trustee hereunder, subject to the conditions and limitations of this Agreement, except as modified or limited by the laws of the applicable state or other jurisdiction (in which case, the laws of the state or other jurisdiction in which such Supplemental Trustee is acting shall prevail to the extent necessary). The Litigation Trustee shall require such Supplemental Trustee to be answerable to the Litigation Trustee for all monies, assets, and other property that may be received in connection with the administration of all the Trust Assets by the Supplemental Trustee. The Litigation Trustee may remove such Supplemental Trustee, with or without cause, and appoint a successor Supplemental Trustee at any time by executing a written instrument declaring such Supplemental Trustee removed from office and specifying the effective date and time of removal.  For the avoidance of doubt, Settle shall only have consultation rights with respect to this Section 8.09 if Settle is still a beneficiary of the Litigation Trust at the time that the Supplemental Trustee is nominated and appointed.

# ARTICLE IX

## Trust Duration

**Section 9.01   Duration**. Once the Litigation Trust becomes effective upon the Effective Date of the Plan, the Litigation Trust and this Agreement shall remain and continue in full force and effect until the Trust is terminated.

**Section 9.02   Termination on Payment of Trust Expenses and Distribution of Trust Assets**. Upon the payment of all costs, expenses, and obligations incurred in connection with administering the Trust, and the Distribution of all Trust Assets in accordance with the provisions of the Plan, the Confirmation Order, and this Agreement, the Litigation Trust shall terminate and the Litigation Trustee shall have no further responsibility in connection therewith except as may be required to effectuate such termination under relevant law.

**Section 9.03   Termination After Five Years**. If the Trust has not been previously terminated pursuant to Section 9.02 hereof, on the fifth (5th) anniversary of the Effective Date, the Litigation Trustee shall distribute all Trust Assets to the Beneficiaries in accordance with the Plan and this Agreement, and immediately thereafter the Trust shall terminate and the Litigation Trustee shall have no further responsibility in connection therewith except to the limited extent set forth in Section 9.05 of this Agreement; *provided, however*, that upon a motion filed with the Bankruptcy Court, the Trust shall not terminate if good cause is shown.

**Section 9.04    No Termination by Beneficiaries**. The Trust may not be terminated at any time by the Beneficiaries.

**Section 9.05    Continuance of Trust for Winding Up; Discharge and Release of Trustee**. After the termination of the Trust and solely for the purpose of liquidating and winding up the affairs of the Trust, the Litigation Trustee shall continue to act as such until its responsibilities have been fully performed. The Litigation Trustee shall be vested with all wind-up powers available pursuant to the governing jurisdiction's law regarding the termination, dissolution, and wind up of trusts and other business entities that are necessary or beneficial to winding up the Trust. The Litigation Trustee may continue to pay compensation to itself and its professionals and pay administrative expenses from Trust Assets consistent with the terms of this Agreement after termination of the Trust and before the Trust is wound up.  Except as otherwise specifically provided herein, upon the Distribution of the Trust Assets including all excess reserves, the Litigation Trustee, and the Litigation Trust's professionals and agents shall be deemed discharged under this Agreement and have no further duties or obligations hereunder. Upon a motion by the Litigation Trustee, the Bankruptcy Court may enter an order relieving the Litigation Trustee, its employees, and the Trust's professionals and agents of any further duties, discharging and releasing the Litigation Trustee from all liability related to the Trust, and releasing the Litigation Trustee's bond, if any.

## ARTICLE X

### Miscellaneous

**Section 10.01 Cumulative Rights and Remedies**. The rights and remedies provided in this Agreement are cumulative and not exclusive of any rights and remedies under law or in equity.

**Section 10.02 Notices; Distribution Address**. All notices to be given, and checks issued to disburse Distributions, to Beneficiaries may be delivered by ordinary mail, or may be delivered personally, to the holders at the addresses appearing on the books kept by the Litigation Trustee. The address of the holder listed in the Claims Register as of the Effective Date shall be presumed to be the correct address of the holder unless and until the Litigation Trustee receives written notice from the holder of a superseding current address. Any notice or other communication which may be or is required to be given, served, or sent to the Litigation Trustee shall be in writing and shall be sent by registered or certified United States mail, return receipt requested, postage prepaid, or transmitted by hand delivery or facsimile (if receipt is confirmed) addressed as follows:

(a) If to the Trust or the Litigation Trustee:

Peter Furman
HunterPoint LLC
641 Lexington Ave., 13th Floor
New York, NY 10022
Email: pfurman@hunterpoint.com

with a copy to its counsel:

with a copy to:

    Joseph C. Barsalona II
    Pashman, Stein, Walder & Hayden P.C.
    1007 North Orange Street, 4th Floor, Suite 183
    Wilmington, DE 19801-1242
    Email: jbarsalona@pashmanstein.com

or to such other address as may from time to time be provided in written notice by the Litigation Trustee.

**Section 10.03 Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without giving effect to rules governing the conflict of laws.

**Section 10.04 Successors and Assigns**. This Agreement shall inure to the benefit of and shall be binding upon the Parties and their respective successors and assigns.

**Section 10.05 Particular Words**. Reference in this Agreement to any Section or Article is, unless otherwise specified, to that such Section or Article under this Agreement. The words "hereof," "herein," and similar terms shall refer to this Agreement and not to any particular Section or Article of this Agreement.

**Section 10.06 Execution**. All funds in the Trust shall be deemed in *custodia legis* until such times as the funds have actually been paid to or for the benefit of a Beneficiary, and neither the Beneficiary nor any other Person can execute upon, garnish or attach the Trust Assets or the Litigation Trustee in any manner or compel payment from the Trust except by Final Order of the Bankruptcy Court. Payments will be solely governed by the Plan and this Agreement.

**Section 10.07 Amendment**. This Agreement may be amended by written agreement of the Litigation Trustee or by order of the Bankruptcy Court; provided, however, that such amendment may not be inconsistent with the Plan or Confirmation Order.

**Section 10.08 No Waiver**. No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver thereof.

**Section 10.09 No Relationship Created**. Nothing contained herein shall be construed to constitute any relationship created by this Agreement as an association, partnership, or joint venture of any kind.

**Section 10.10 Severability**. If any term, provision, covenant, or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable, or against its regulatory policy, the remainder of the terms, provisions, covenants, and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

**Section 10.11 Further Assurances**. Without limitation of the generality of Section 3.04 of this Agreement, the Parties agree to execute and deliver all such documents and notices and to take all such

further actions as may reasonably be required from time to time to carry out the intent and purposes and provide for the full implementation of this Agreement and the pertinent provisions of the Plan, and to consummate the transactions contemplated hereby.

**Section 10.12  Counterparts**. This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**Section 10.13  Jurisdiction**. The Bankruptcy Court shall have jurisdiction over the Trust, Trustee, and Trust Assets, including, without limitation, the determination of all disputes arising out of or related to administration of the Trust. The Bankruptcy Court shall have exclusive jurisdiction and venue to hear and finally determine all matters among the Parties arising out of or related to this Agreement or the administration of the Trust.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date set forth above.

**THE BLANK LABEL GROUP, INC.**


_____
Peter Furman, Chief Restructuring Officer


**BLACKLAPEL CUSTOM CLOTHIERS, INC.**


_____
Peter Furman, Chief Restructuring Officer


**RATIO CLOTHING, LLC**


_____
Peter Furman, Chief Restructuring Officer


**LITIGATION TRUSTEE**


_____
Peter Furman

**EXHIBIT A**
**TERMS OF COMPENSATION OF TRUSTEE**

- <u>Compensation</u>. In consideration for the services of the Litigation Trustee under this Agreement, the Litigation Trustee shall receive the following compensation from the Trust Assets: an hourly rate of not more than $450 per hour and reimbursement of reasonable and necessary expenses, including payment of all fees and expenses of the Litigation Trustee's attorneys and other professionals.

- <u>Payment</u>. Subject to the terms of this Agreement and the Budget, the Litigation Trustee's fee shall be payable out of the Trust Assets beginning on the Effective Date and continuing thereafter until the Litigation Trustee is discharged. The Litigation Trustee shall be entitled to bill for services immediately following the Effective Date.

- <u>Means and Timing of Payment</u>. Beginning with the month the Litigation Trustee is appointed, the Litigation Trustee shall, subject to the terms of this Agreement and the Budget, compensate itself automatically by check or wire transfer (or equivalent electronic means) in the Litigation Trustee's discretion by transfer within 30 days of the issuance of the previous month's invoice for services and costs, through and including the month in which the Litigation Trustee is discharged.

| Summary report: Litera Compare for Word 11.3.0.46 Document comparison done on 12/4/2023 10:26:15 AM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://cloudimanage.com/IMANAGE/4069423/1 | |
| **Modified DMS:** iw://cloudimanage.com/IMANAGE/4069423/2 | |
| **Changes:** | |
| Add | 4 |
| Delete | 3 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 7 |