**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>BLANK LABEL GROUP, INC., *et al.*,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 23-10286 (JTD)<br><br>Jointly Administered<br><br>Re: D.I. 197, 279, 284 & 313 |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SUBCHAPTER V DEBTORS' FIRST MODIFIED AMENDED PLAN OF LIQUIDATION**

Upon the (i) filing of the above-captioned debtors and debtors in possession (the collectively, the "Debtors") in the above-captioned subchapter V cases (the "Cases") of the (a) *Subchapter V Debtors' First Modified Amended Plan of Liquidation* [D.I. 313] (as may be further modified, amended or supplemented from time to time, the "Plan")² filed on December 4, 2023, a copy of which is attached hereto as **Exhibit 1**, which amends and replaces the previously filed plan [D.I. 197] and modifies a subsequent version of the plan [D.I. 279]; (b) the *Declaration of Peter A. Furman in Support of Confirmation of Subchapter V Debtors' First Amended Plan of Liquidation* [D.I. 315] (the "Confirmation Declaration"); (c) the *Brief in Support of Confirmation of Subchapter V Debtors' First Amended Plan of Liquidation* [D.I. 316] (the "Confirmation Brief"); (d) the *Notice of Filing of Plan Supplement* [D.I. 305] (the "Plan Supplement" and with all of these items being hereinafter collectively referred to as the "Plan Filings"); and (ii) the Court having: (a) previously approved the procedures related to the Plan pursuant to the *Order (I)*

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows Blank Label Group, Inc. (6183); BlackLapel Custom Clothiers, Inc. (3725); and Ratio Clothing, LLC (8330). The Debtors' mailing address is 36 Bromfield Street, 203, Boston, MA 02108.

² Capitalized terms used not otherwise defined herein shall have the meanings ascribed to them in the Plan.

*Scheduling a Hearing on Plan Confirmation and Deadlines Related Thereto; and (II) Granting Related Relief* [D.I. 284] (the "Procedures Order") entered on November 2, 2023, (b) reviewed the Plan Filings, (c) conducted a hearing on confirmation of the Plan (the "Confirmation Hearing"), (d) heard the statements, representations and arguments of the counsel for the Debtor as well as any evidence presented or proffered at the Confirmation hearing, (e) considered the compromises embodied in and contemplated by the Plan, the briefs and arguments regarding confirmation of the Plan, the resolution of certain informal comments to the Plan, the support of various case constituents, the evidence regarding confirmation of the Plan; and (iii) the Debtors having served the plan solicitation materials, as appropriate and required by the Procedures Order and having otherwise complied with the notice requirements and procedures set forth in the Procedures Order, *see Affidavit of Service* [D.I. 283], the Court hereby FINDS as follows:

      A.      Findings and Conclusions. The findings and conclusions set forth herein and on the record during the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law constitute findings of fact, they are adopted as such.

      B.      Exclusive Jurisdiction: Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)). This Court has jurisdiction over these Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this judicial district was proper as of the Petition Date and continues to be proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L), and this Court has the exclusive jurisdiction to consider confirmation of the Plan and enter a final order with respect thereto.

C. <u>Judicial Notice</u>. The Court takes judicial notice of the docket of these Chapter 11 Cases maintained by the Clerk of the Court and considers all evidence and arguments made, proffered, or adduced at the various hearings held before this Court during the pendency of the Case.

D. <u>Burden of Proof</u>. The Debtors have the burden of proving the elements of Bankruptcy Code section 1191 and the applicable elements of section 1129(a) by a preponderance of the evidence. The Debtors have met their burden with respect to all applicable elements under Bankruptcy Code sections 1191 and 1129.

E. <u>Subchapter V of Chapter 11 Petition</u>. On the Petition Date, the Debtors each filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code. The Debtors have continued as debtors in possession pursuant to Bankruptcy Code sections 1108 and 1184.

F. <u>Subchapter V Trustee</u>. On March 9, 2023, the Office of the United States Trustee filed the *Notice of Appointment of Subchapter V Trustee* [D.I. 8], appointing Jami Nimeroff of Brown McGarry Nimeroff LLC as the subchapter V trustee pursuant to Bankruptcy Code section 1183(a) and 28 U.S.C. § 586(a)(3).

G. <u>Procedures Order</u>. On November 2, 2023, the Court entered the Procedures Order which approved the service of and deadline for objecting to the Plan [D.I. 283].

H. <u>Plan Supplement</u>. On November 20, 2023, the Debtors filed the Plan Supplement [D.I. 305]. The Plan Supplement complies with and is consistent with the Bankruptcy Code and the terms of the Plan, and the filing and notice of such document was good and proper and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the facts and circumstances of this Case. All documents included in the Plan Supplement are integral to, part

of, and incorporated by reference into the Plan. Subject to the terms of the Plan, the Debtors reserve the right to alter, amend, update, or modify the Plan Supplement before or after the Effective Date subject to compliance with the Bankruptcy Code and the Bankruptcy Rules, provided that no such alteration, amendment, update, or modification shall be inconsistent with the terms of this Confirmation Order or the terms of the Plan.

I.   Notice. In compliance with the Procedures Order and Bankruptcy Rules, service of the Plan was adequate and sufficient. The Debtors, through their counsel, have provided due, proper, timely, adequate and sufficient notice to all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan), in accordance with the Procedures Order and the Bankruptcy Rules, and all creditors and parties-in-interest have had ample opportunity to appear and be heard with respect thereto, and no other or further notice is required.

J.   Solicitation and Tabulation. Pursuant to the Plan, all Classes were either deemed to reject or presumed to accept the Plan. Therefore, the Debtors did not solicit the Plan as no Class was entitled to vote, which is permitted under the Bankruptcy Code and the Bankruptcy Rules for a subchapter V debtor. The Debtors, Debtors' professionals, and all of their respective current directors, officers, employees, members, participants, agents, representatives, partners, affiliates, advisors, and successors or assigns, have acted in good faith within the meaning of Bankruptcy Code sections 1125(e) and 1129(a)(3) and are, thus, entitled to the protections afforded by Bankruptcy Code section 1125(e).

K.   Proper Classification of Claims. The Plan adequately and properly identifies and classifies all Claims and Equity Interests. Pursuant to Bankruptcy Code section 1122(a), the Claims and Equity Interests placed in each Class are substantially similar to other Claims and

4

Equity Interests in each such Class.  Pursuant to Bankruptcy Code section 1123(a)(1), valid legal and business reasons exist for the Classes of Claims and Equity Interests under the Plan and such classification does not unfairly discriminate among Holders of Claims and Equity Interests.  The Plan's classification of Claims and Equity Interests is reasonable.

L. <u>No Voting Under the Plan</u>.  The Court finds that the Secured Claims (Class 1), General Unsecured Claims (Class 4), and Equity Interests (Class 5) are impaired but are presumed to have rejected the Plan.  The Court further finds that Purported Secured Claims at Blank Label (Class 2) and Priority Unsecured Claims (Class 3) are unimpaired, and thus, are presumed to have accepted the Plan.

M. <u>Implementation of the Plan</u>.  Article 2.5 of the Plan provides adequate means for implementation in accordance with Bankruptcy Code section 1123(a)(5).

N. <u>No Material Plan Modifications</u>.  The Court finds and concludes that any modifications to the Plan as may be set forth in this Confirmation Order or otherwise do not have any material adverse impact on any interested party and are appropriate under the circumstances.

O. <u>Releases, Exculpations, and Injunctions</u>.  Pursuant to Bankruptcy Rule 3016(c), the Plan describes in specific and conspicuous language all acts to be enjoined by, and identifies the entities that are subject to releases and injunctions provided under the Plan, including without limitation, Articles 7.10, 7.11, 7.12, and 7.13.  The Court finds that each release, exculpation, and injunction provision, as applicable, set forth in the Plan is: (i) within the jurisdiction of the Court under 28 U.S.C. §§ 1334; (ii) essential to the implementation of the Plan pursuant to Bankruptcy Code section 1123(a)(5) and warranted by the circumstances of these Chapter 11 Cases; (iii) an integral element of the Plan; (iv) the product of an arms-length transaction and a critical element of obtaining the support of the various constituencies for Plan support; (v) fair, equitable, and in

the best interests of Debtors' estates and their creditors; (vi) important to the overall objectives of the Plan; and (vii) consistent with Bankruptcy Code sections 105, 1123, and 1129, and other applicable provisions of the Bankruptcy Code.

P.  <u>Assumption and Rejection of Executory Contracts</u>.  In accordance with Bankruptcy Code section 1123(b)(2), on the Effective Date, the Debtors shall be (i) conclusively deemed to have assumed all Executory Contracts identified on the Assumed Contracts List pursuant to Article 2.4 of the Plan or another order of the Court, unless otherwise provided in this Confirmation Order; and (ii) conclusively deemed to have rejected all Executory Contracts not identified on the Assumed Contracts List or another order of the Court, unless otherwise provided in this Confirmation Order.

Q.  <u>Principal Purpose of the Plan</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933. The Plan, thus, satisfies the requirements of Bankruptcy Code section 1129(d).

R.  <u>Subchapter V Plan Deadline</u>.  The Plan complies with Bankruptcy Code section 1189 because the Court granted an order extending such deadline [D.I. 182] to July 21, 2023.

S.  <u>Subchapter V Plan Content</u>.  The Plan provides the following mandatory content: (i) a brief history of the Debtors' business operations; and (ii) a liquidation analysis.  Additionally, the Plan is a liquidating plan and therefore financial projections are not required.  Accordingly, the Plan complies with Bankruptcy Code section 1190(1).

T.  <u>Satisfaction of Confirmation Requirements</u>.  For the reasons set forth in the Confirmation Declaration, the Debtors have satisfied, and the Plan complies with, all applicable provisions of Bankruptcy Code section 1129(a), which are expressly made applicable by Bankruptcy Code section 1191(b).

      a.      The Debtors have complied with all applicable provisions of the Bankruptcy Code, as required by Bankruptcy Code sections 1129(a)(1) and 1129(a)(2).

      b.      The Plan was proposed in good faith and not by any means forbidden by law, and, the Debtors have satisfied the good faith requirement under Bankruptcy Code section 1129(a)(3).

      c.      Any payment made or to be made by the Debtors, for services or for costs and expenses in or in connection with these Chapter 11 Cases, or in connection with the Plan and incident to these Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable, and, thus, the Plan complies with section 1129(a)(4).

      d.      Under Article 2.7 of the Plan, the Debtors have noted that the Debtors are liquidating and there will be no post-confirmation management. Additionally, as identified in the Litigation Trust Agreement, Peter Furman, the current Chief Restructuring Officer, will serve as the Litigation Trustee. Accordingly, the Plan complies with Bankruptcy Code section 1129(a)(5).

      e.      Bankruptcy Code section 1129(a)(6) is inapplicable.

      f.      The Debtors' evidence, including its Liquidation Analysis attached to the Plan as **<u>Exhibit A</u>**, demonstrates that each Class under the Plan is receiving not less than such Class would have received if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code. Accordingly, the Plan complies with Bankruptcy Code section 1129(a)(7).

      g.      Purported Secured Claims at Blank Label (Class 2) and Priority Unsecured Claims (Class 3) are unimpaired, and thus, are presumed to have accepted the Plan. Secured Claims (Class 1), General Unsecured Claims (Class 4), and Equity Interests (Class 5) are impaired and are deemed to have rejected the Plan. However, because the Debtors are seeking confirmation pursuant to section 1191(b) of the Bankruptcy Code, section 1129(a)(8) is inapplicable.

    h.    To the extent that Bankruptcy Code section 1129(a)(9) and 1191(e) applies, the Plan may be confirmed.

        i.    The Plan, including provisions under Article 2.1, provides for payment of Priority Tax Claims in monthly installments from the Litigation Trust Assets, completing in or around Q4 2028, which is in accordance with section 1129(a)(9).

       ii.    The Plan provides that all allowed administrative fees and expenses as of the Effective Date will be paid on or after the Effective Date as soon as funds are available or as soon as practicable thereafter, unless the holder agrees or shall have agreed to other treatment of such claim. Holders of Professional Fee Claims, Allowed Claims of HunterPoint and Allowed Claims of the Independent Director have agreed to receive 50% of their Administrative Expense Claims on the Effective Date, with the remainder being paid from the Litigation Trust Assets until Q4 2028. For the avoidance of doubt, the Subchapter V Trustee does not agree to receive only 50% of its fees on the Effective Date, with the remainder being paid from the Litigation Trust Assets. Holders of Administrative Expense Claims incurred post-petition in the ordinary course of Debtors' businesses shall be paid in the ordinary course of business in accordance with such applicable terms and conditions relating thereto without further notice to or order of the Bankruptcy Court and that cure amounts related to leases and/or executory contracts that are assumed shall be paid in full in connection with such assumption as set forth in the Plan. Satisfaction of Administrative

Expense Claims under the Plan is in accordance with sections 1129(a)(9) and 1191(e) of the Bankruptcy Code.

      i.      Secured Claims (Class 1), General Unsecured Claims (Class 4), and Equity Interests (Class 5) are impaired and are deemed to have rejected the Plan. However, because the Debtors are seeking confirmation pursuant to section 1191(b) of the Bankruptcy Code, section 1129(a)(10) is inapplicable.

      j.      Given that the Plan is a liquidating plan, Bankruptcy Code section 1129(a)(11) is inapplicable.

      k.      Pursuant to the Small Business Reorganization Act of 2019, the Debtors are not required to make quarterly payments to the U.S. Trustee in accordance with 28 U.S.C. § 1930(a)(6)(A).

      l.      Bankruptcy Code sections 1129(a)(13)-(16) do not apply to the Plan.

      m.      The Plan does not unfairly discriminate and is fair and equitable, within the meaning of Bankruptcy Code section 1191.

      i.      Holders of Secured Claims shall retain their liens on the applicable portion of the Escrowed Funds that shall be deemed Litigation Trust Assets and will be paid in full by *pro rata* distributions of the Litigation Trust Assets.

      ii.      The Debtors will apply all of the Litigation Trust Assets to make payments under the Plan.

      iii.      There is a reasonable likelihood that the Debtors will be able to make all of the payments under the Plan.

      iv.      The Plan provides appropriate remedies to protect Holders of Claims and Equity Interests in the event that Plan payments are not made.

U.	Requirements for Confirmation Are Satisfied.  The Debtors have satisfied all of the requirements for Confirmation of the Plan under Bankruptcy Code section 1191.  Confirmation of the Plan is in the best interests of the Debtors' estates, the Debtors' creditors, and all other parties in interest.

V.	No Default. The Debtors shall not be in default under the Plan if Distributions are made pursuant to the terms of the Plan.

Now, THEREFORE, in view of the foregoing, FINDINGS, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1.	Incorporation of Findings.  The foregoing findings are hereby incorporated into and form an integral part of this Confirmation Order.

2.	Notice of Confirmation Hearing.  Notice of the Confirmation Hearing was: (i) appropriate and satisfactory based upon the circumstances of these Chapter 11 Cases and (ii) in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable nonbankruptcy law.

3.	Plan Modifications.  Any modification of the Plan set forth in this Confirmation Order or otherwise do not have any material adverse impact on any interested party, and may be implemented without further notice, hearing, or solicitation, and are appropriate under the circumstances.  In accordance with Bankruptcy Code section 1127 and Bankruptcy Rule 3019, all Holders of Claims who are presumed to accept the Plan are deemed to have accepted the Plan as modified hereby.

4.	Objections.  For the reasons stated on the record, any objections to Confirmation of the Plan that have not been withdrawn, resolved, waived, or settled are overruled on the merits.

5. <u>Plan Confirmation</u>. The Plan is hereby CONFIRMED in its entirety under Bankruptcy Code section 1191(b).

6. <u>Approval of Plan Releases, Exculpations, and Injunctions</u>. Each release, exculpation, and injunction provision set forth in the Plan is hereby approved.

7. <u>Assumption and Rejection of Executory Contracts</u>. In accordance with Bankruptcy Code section 1123(b)(2), upon entry of the Confirmation Order, the Debtors will be (i) conclusively deemed to have assumed all Executory Contracts identified on the Assumed Contracts List or expressly assumed prior to the Effective Date, pursuant to Article 2.4 of the Plan or another order of the Court, unless otherwise provided in this Confirmation Order; and (ii) conclusively deemed to have rejected all Executory Contracts not identified on the Assumed Contracts List or not expressly assumed prior to the Effective Date.

8. <u>Rejection Claim and Related Rejection Claims Bar Date</u>. A proof of claim arising from the rejection of an Executory Contract or unexpired lease (such claim, a "<u>Rejection Claim</u>") must be filed with the Court and served upon counsel for the Debtors on or before the date that is thirty (30) days after the first of (i) the date of entry of a Confirmation Order with respect to the Plan; or (ii) the effective date of rejection of such Executory Contract or unexpired lease (the "<u>Rejection Claims Bar Date</u>"). Any and all Rejection Claims not filed on or before the Rejection Claims Bar Date shall be automatically disallowed and forever barred in their entirety and shall not be enforceable against the Debtors, the Debtors' estates, or their respective properties or interests in property as agents, successors, or assigns.

9. <u>Binding Effect</u>. Effective as of the entry of this Confirmation Order, but subject to applicable due process rights and the occurrence of the Effective Date, to the fullest extent of applicable law including, without limitation, Bankruptcy Code section 1141, the Plan

and this Confirmation Order shall be binding on: (i) the Debtors; (ii) all Holders of Claims and Equity Interests, irrespective of whether such Claims and Equity Interests have been asserted or unasserted, manifested or unmanifested or known or unknown; and (iii) each person or entity acquiring property under the Plan.   Additionally, entry of this Confirmation Order is deemed consent by any counterparty to an Executory Contract or unexpired lease to the assignment of Debtors' right, title, and interest in such Executory Contract or unexpired lease, and as evidence of such consent, a copy of this Confirmation Order may be filed with any and all applicable state, federal, or other governmental or regulatory authority and/or in any applicable governmental record.

10. <u>No Discharge</u>.  In accordance with § 1141(d)(3) of the Bankruptcy Code, the Debtors will not receive any discharge of debt in these Chapter 11 Cases.

11. <u>Post-Confirmation Business Operations</u>.  Pursuant to Article 2.7 of the Plan, the Debtors are liquidating and dissolving and there will be no post-confirmation business operations.  Additionally, Peter Furman, the current Chief Restructuring Officer, will serve as the Litigation Trustee.  The Litigation Trustee will implement the Plan through distribution of the Litigation Trust Assets, and prosecution of Estate Causes of Action.   Except as otherwise expressly set forth in the Plan, the Debtors, Litigation Trustee, or the Subchapter V Trustee, as applicable, may settle or compromise any Claims without Court approval.

12. <u>Debtors' Authorization</u>.  The Debtors are hereby authorized and fully empowered to take any and all actions as may be necessary and appropriate to consummate, effectuate, and implement the Plan and all transactions contemplated thereby.

13. <u>Rights of Holders of Allowed Claims</u>. All rights of Holders of Allowed Claims, including, without limitation, the right to receive a Distribution on account of such

Claim(s), shall hereinafter be limited solely to the right to receive such Distribution only to the extent and as expressly provided in this Confirmation Order and under the Plan.

15. <u>Notice of Effective Date and Related Deadlines</u>.  In accordance with the terms of the Plan and as soon as reasonably practicable after the Effective Date, the Debtors shall file a notice of occurrence of the Effective Date (the "<u>Notice of Effective Date</u>") with the Court and serve it upon all known creditors and parties required to receive notice pursuant to Bankruptcy Rule 2002.  As applicable, the Notice of Effective Date shall further set forth the Rejection Claims Bar Date, Administrative Expense Bar Date, and Professional Fee Bar Date, each as set forth and defined in the Plan.

15. <u>Administrative Expense Bar Date</u>.  All parties shall file any and all requests for allowance and payment of Administrative Expense Claims incurred on or before the day immediately preceding the Effective Date pursuant to Bankruptcy Code section 503, other than Professional Fee Claims, on the first Business Day that is thirty (30) days after the Effective Date.  Administrative Expense Claims filed after the Administrative Expense Claims Bar Date shall be disallowed and forever barred in their entirety.

16. <u>Professional Fee Bar Date</u>.  All Professionals shall file any and all final applications for allowance and payment of fees, costs, and expenses incurred through and including the Effective Date pursuant to Bankruptcy Code sections 330, 331, or 1103 on the first Business Day that is sixty (60) days after the Effective Date, i.e. the Professional Fee Bar Date.  Professional Fee Claims filed after the Professional Fee Bar Date shall be disallowed and forever barred in their entirety.

17.     <u>Vesting of Property</u>.  Pursuant to Bankruptcy Code section 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Litigation Trust.

18.     <u>Subchapter V Trustee</u>.  Pursuant to Bankruptcy Code section 1194(b), the Subchapter V Trustee shall be discharged upon closure of the Chapter 11 Cases.  Except as otherwise provided for in the Plan, the Litigation Trustee shall make all distributions under the Plan.

19.     <u>Post-Confirmation Reporting</u>.  The Litigation Trustee shall file quarterly post-confirmation reports, served on the U.S. Trustee and the Subchapter V Trustee on or before the 20th day after the end of the calendar quarter.  The reporting shall include, at a minimum, the following information:

   a. the bank name & account type of the Litigation Trust's bank accounts;
   b. the name of the person with signatory authority over the accounts;
   c. any investments (general type), if any, and where those investments are located;
   d. Plan disbursements during the reporting period (by class); and
   e. cumulative Plan disbursements to date.

20.     <u>Amendments/Headings</u>.  This Confirmation Order may be amended or supplemented only upon further, final order of the Court.  The headings used herein are for ease of reference only and shall not be used in interpreting this Confirmation Order.

21.     <u>Retention of Jurisdiction</u>.  Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court shall retain jurisdiction over all matters

arising in, arising under, or related to these Chapter 11 Cases to the fullest extent legally permissible.

22. <u>Successors/Assigns</u>.  This Confirmation Order shall be binding upon, and inure to the benefit of, the Debtors' successors, designees, assigns, beneficiaries, executors, administrators, and/or personal representatives.

23. <u>Conflicts Between this Confirmation Order and the Plan</u>.  The provisions of the Plan and this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purpose of each; *provided*, *however*, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then solely to the extent of such inconsistency the provisions of this Confirmation Order shall govern.  The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent unless expressly stated by further order of this Court.

24. <u>Finality and Immediate Effect of Confirmation Order</u>.  This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.  The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan.

25. <u>Final Decree</u>.  Once the Debtors' Estates have been fully administered, as provided in Bankruptcy Rule 3022, the Litigation Trustee, or such other party as the Bankruptcy Court designates, shall file a motion with the Bankruptcy Court to obtain a final decree to close the Case.  Alternatively, the Bankruptcy Court may enter such a final decree on its own motion.

26. <u>H.M. Cole, LLC Administrative Expense Claim</u>.

    a. H.M. Cole, LLC ("<u>HM Cole</u>") shall have an Allowed Administrative Expense Claim in the aggregate amount of $230,000.00 ("<u>HM Cole Allowed Claim</u>"), which shall be treated under the Plan as follows: (i) the Debtors shall pay $80,000.00 of the HM Cole Allowed Claim on or prior to the Effective Date from unencumbered funds the Debtors are currently holding and (ii) the remaining $150,000.00 shall be (x) paid from Litigation Trust Assets in accordance with the Plan and the Litigation Trust Agreement and (y) will be treated *pari passu* with the Allowed Professional Fee Claims of Debtors' counsel and the Allowed Administrative Claims of HunterPoint and the Debtors' Independent Director.

    b. In exchange for the allowance of the HM Cole Allowed Claim and treatment under the Plan and Litigation Trust Agreement as set forth above, (i) HM Cole agrees to be bound by the releases in Section 7.10 of the Plan, (ii) HM Cole withdraws its pending objections to Professional Fee Claims [D.I. 278 & 307] and the Plan [D.I. 309], and Proofs of Claim 18, 19, and 20 against Blank Label, and (iii) HM Cole, its affiliates, its principals, and their respective successors and assigns waive and release any and all claims they may respectively had or have against the Released Parties, HunterPoint, and the Independent Director arising on or after the Petition Date through and including the Effective Date.

      c. Each of the Released Parties, HunterPoint, the Independent Director, and the Debtors' successors and assigns waives and releases any and all claims they have or had against HM Cole, its affiliates, and its principals, arising prior to or after the Petition Date through and including the Effective Date.

27. <u>Notice</u>. Within two (2) business days of the entry of this Confirmation Order, the Debtors shall transmit a copy of this Confirmation Order via first class mail with postage prepaid to all of Debtors' known creditors and parties-in-interest. Such notice shall be adequate under the circumstances and shall be sufficient to meet the requirements necessary for due process and Bankruptcy Rule 2002(f)(7).

**Dated: December 7th, 2023**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**