IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BLANK LABEL GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10286 (JTD)<br><br>Jointly Administered<br><br>Hearing Date: May 14, 2024 at 11:30 a.m. (ET)<br>Obj. Deadline: May 7, 2024 at 4:00 p.m. (ET) |

**MOTION FOR ORDER AUTHORIZING THE BLG LITIGATION TRUST TO
(A) CONDUCT A 2004 EXAMINATION OF DANNY WONG;
AND (B) SEEK RELATED DOCUMENT PRODUCTION**

Peter Furman (the "Litigation Trustee")[2], the Trustee for the BLG Litigation Trust (the "BLG Trust"), in the cases of the above-captioned debtors and debtors-in-possession (the "Debtors") files this motion (the "Motion") seeking an order, substantially in the form attached hereto as Exhibit A (the "Order"), (i) authorizing the Litigation Trustee to conduct an examination of Danny Wong ("Mr. Wong"), and (ii) requiring Mr. Wong to produce documents in response to the Litigation Trustee's enumerated document requests, pursuant to section 105 of the Bankruptcy Code, Rules 2004 ("Rule 2004") and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and requests that this Court enter the Order directing Danny Wong to appear for examination and to produce documents related to Debtors' business. In support of this Motion, the Litigation Trustee respectfully represents as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows Blank Label Group, Inc. (6183); BlackLapel Custom Clothiers, Inc. (3725); and Ratio Clothing, LLC (8330). The Debtors' mailing address is 36 Bromfield Street, 204, Boston, MA 02108.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the *Declaration of Fan Bi in Support of First Day Relief* [D.I. 12] (the "First Day Declaration").

**BACKGROUND**

1. On March 8, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for Delaware (the "Court"). On March 10, 2023, the Court entered an order directing that the Debtors' petitions be jointly administered. [D.I. 22]. The Debtors operated their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On March 9, 2023, Jami Nimeroff of Brown McGarry Nimeroff LLC was appointed as the Subchapter V Trustee (the "Subchapter V Trustee"). [D.I. 8]. No other trustee, examiner, or official committee has been appointed in these cases. Further facts relating to the Debtors, their background, capital structure, and the circumstances relating to the Debtors' Chapter 11 Cases are set forth in the First Day Declaration and are incorporated by reference herein.

3. On December 7, 2023, this Court confirmed the *Subchapter V Debtors' First Modified Amended Plan of Liquidation* [D.I. 313] (the "Plan"). [*See* D.I. 320, 330, 333]. Pursuant to that Plan, the BLG Trust was to be established "pursuant to the Litigation Trust Agreement for the purpose of selling any remaining Estate Assets, prosecuting and resolving the [Estate] Causes of Action, objecting to Claims, resolving Disputed Claims, and effecting the Distributions to be made under the Plan to the Holders of Allowed Claims and Interests in accordance with the terms of the Plan." [*See* D.I. 313, Section 2.5(A)]. Moreover, the Plan further provides that the BLG Trust would "investigate potential breach of fiduciary duty claims against Insiders and other related parties," and that "the Litigation Trustee shall file a motion under [Rule] 2004 against Fan Bi and Danny Wong." *Id.* The Litigation Trust Agreement was executed on December 21, 2023.

4. Pursuant to the Litigation Trust Agreement, Peter Furman, the Chief Restructuring Officer of the Debtors, was designated as the Litigation Trustee, and given the power to, *inter alia*:

> Protect and enforce the rights to the Trust Assets (including any Causes of Action assigned to the Litigation Trust by operation of the Plan (the "**Assigned Litigation Trust Claims**")) vested in the Litigation Trust and Litigation Trustee by this Agreement and the Plan by any method deemed appropriate, including, without limitation, by judicial proceedings or otherwise.
>
> [Litigation Trust Agreement, Section 3.04(f).]

5. In the same vein, the Plan vested the Litigation Trustee with the "authority and responsibility" to, *inter alia*, "prosecute, compromise, and settle all Disputed Claims and all claims and Causes of Action vested in the Litigation Trust[.]" [D.I. 313 Section 2.5(B)(v)].

6. The Plan further explicitly provided, "[t]he Litigation Trust shall investigate a number of suspicious transactions that occurred prior to and after the Petition Date by former management whereby the Debtors' Assets were transferred for apparently no legitimate reason," and that "[f]urthermore, the Litigation Trust will investigate potential breach of fiduciary duty claims against Insiders and other related parties. For the avoidance of doubt, the Litigation Trustee shall file a motion under [Rule] 2004 against . . . Danny Wong." [D.I. 313, Section 2.5(A)].

7. Accordingly, the BLG Trust now stands in the position of the Debtors to recover assets for the benefit of the Debtors' estates.

8. Upon information and belief, Mr. Wong was previously retained in a consulting role with the Debtors, but had not been involved in the business in recent years, particularly during the months leading up to the Petition Date.

9. Despite this apparent lack of involvement with the business, the Debtors' records nonetheless reflect that Mr. Wong received significant payments (approximately $90,000)

from the Debtors within the ninety (90) day-period prior to the Petition Date (the "Preference Period").

10. Additionally, upon information and belief, Mr. Wong has significant personal and professional ties with Fan Bi, whom the Plan has also identified as a target for examination under Rule 2004. To wit, upon information and belief, Mr. Wong was engaged in his consulting role for the Debtors by Fan Bi, and in this capacity reported directly to Fan Bi.

11. Since its establishment upon confirmation of the Plan, the BLG Trust has been investigating causes of action available for the benefit of the Debtors' estates, including, but not limited to, actions to recover the payments made during the Preference Period and also potential fraudulent transfer actions against Mr. Wong. It is clear that Mr. Wong has extensive knowledge about matters relevant to the BLG Trust's investigation pursuant to the Plan.

## JURISDICTION AND VENUE

12. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, as well as the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

13. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Pursuant to Rule 9013-1 of the Local Rules for the Bankruptcy Court for the District of Delaware (the "Local Rules"), the Litigation Trustee consents to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

14. The predicates for the relief requested in this Motion are section 105 of the Bankruptcy Code, Bankruptcy Rules 2004 and 9016, and Local Rule 2004-1.

**RELIEF REQUESTED**

15. The BLG Trust respectfully requests entry of the Order under Bankruptcy Rules 2004 and 9016 and Local Rule 2004-1 permitting it to conduct an examination of Mr. Wong and seek related document production in connection with the Debtors' businesses and, more specifically, the actions taken by Mr. Wong with respect to the Debtors' prepetition businesses. The categories of information to be requested by the contemplated Rule 2004 subpoena(s) are attached to this Order as **Exhibit 1**.

**BASIS FOR RELIEF REQUESTED**

16. Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Rule 2004(b) provides further that the scope of such examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." In addition, Rule 2004(c) provides that "the attendance of an entity for examination and for the production of documents . . . may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial."

17. A Rule 2004 examination is used for "discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Wash. Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009). The Rule requires "a balancing of the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016). The party seeking to conduct a 2004 examination has the burden of showing good cause for the examination, which is established if the movant shows that the examination is "necessary to establish the claim

of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." *Id.* at 627 (internal quotation omitted).

18. "The scope of Bankruptcy Rule 2004 is considered 'unfettered and broad.'" *In re Wash. Mut., Inc.*, 408 B.R. 45, 49-50 (Bankr. D. Del. 2009); *see also Millennium Lab Holdings II*, 562 B.R. at 626 (internal quotation omitted). Indeed, the scope of Bankruptcy Rule 2004 has been described as a lawful "fishing expedition" and an "inquisition." *Millennium Lab Holdings II,* 562 B.R. at 614. The Rule affords parties-in-interest an extremely broad right of discovery, which has been noted to be "broader even than discovery under the Federal Rules of Civil Procedure." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004); *see also In re Teleglobe Comms. Corp.*, 493 F.3d 345, 354 n. 6 (3d Cir. 2007) (noting Rule 2004 "allows parties with an interest in the bankruptcy estate to conduct discovery into matters affecting the estate").

19. Discovery under Rule 2004 can be used as a "pre-litigation discovery device." *In re Wilson*, No. 07-11862, 2009 WL 304672, at *5 (Bankr. E.D. La. Feb. 6, 2009). "No contested matter or adversary proceeding need be instituted as a prerequisite to conducting an examination under this rule." *In re Almatis*, No. 10-12308, 2010 WL 4877868, at *3 (Bankr. S.D.N.Y. Nov. 24, 2010). Consequently, a Rule 2004 motion need not be tied to specific factual allegations at issue between parties. *In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997).

20. In this case, pursuant to the Plan, the BLG Trust (and by extension, the Litigation Trustee) now stands in the shoes of the Debtors, and is properly concerned with the matters that are discoverable under a Rule 2004 examination because they concern the administration of the Debtors' estates, the Debtors' financial histories, as well as claims and/or causes of action deemed to be part of the Debtors' estates.

21. Good cause exists here for the requested examination of Mr. Wong. As discussed above, the Litigation Trustee is empowered and obligated to fully investigate and consider all potential claims and causes of action arising from or relating to the relationship between the Debtors and Mr. Wong, as well as to use his best efforts to maximize the value of the Debtors' estates.

22. To that end, the Litigation Trustee's document requests will inform whether, and to what extent, Mr. Wong (i) breached any fiduciary duties to the Debtors; (ii) made or received transfers that may constitute fraudulent transfers or preferences; or (iii) coordinated his actions with other co-conspirators yet to be determined; (iv) engaged in any self-dealing; and/or (v) received any improper distributions or other payments. Mr. Wong has access to information that the Litigation Trustee requires to properly "examin[e] transactions[] and determin[e] whether wrongdoing has occurred," *In re Wash. Mut., Inc.*, 408 B.R. at 50, or whether other actions were taken that were value-destructive to the Debtors' estates. In addition, the Litigation Trustee expects that the requested documents will also provide information necessary to assist with the Litigation Trustee's administration of the BLG Trust. The Litigation Trustee's requests are tailored as narrowly as possible to obtain the requisite information from Mr. Wong concerning any fraudulent transfers or preference activities, out-of-the-ordinary-course pre-petition transfers of funds, and any other claims the Litigation Trust may colorably have against Mr. Wong.

23. As a fiduciary for the BLG Litigation Trust, and by extension the Debtors' estates, the Litigation Trustee is well-positioned to investigate the types of issues addressed in this Motion as part of his ongoing investigation. Upon completion of an examination of the matters set forth herein, the Litigation Trustee expects he will have the information necessary to effectively administer the Trust, assist in potentially recovering assets on behalf of the Trust (the "Potential

Trust Assets"), determine if any wrongdoing has occurred, and take action accordingly. The investigation described in this Motion may lead to information regarding Potential Trust Assets and information concerning out-of-the-ordinary-course prepetition (and potentially fraudulent) transfers of funds as well as identify potential causes of action that could ultimately increase the assets of the Trust, thereby increasing the recovery to Trust Beneficiaries.[3] Until Mr. Wong is made subject to examination and produces the requested documents to the Litigation Trustee, the Litigation Trustee will not be able to fully discharge his fiduciary duties. Thus, the limited discovery requested by this Motion is necessary and falls within the broad scope of Bankruptcy Rule 2004.

## LOCAL RULE 2004-1 CERTIFICATION

24. Prior to filing this Motion, the Litigation Trustee, through his counsel, attempted to confer with Mr. Wong to avoid motion practice through both email and regular and certified mail, return receipt requested, but received no response and were thus unable to obtain the requested documents and information. Furthermore, as the BLG Trust and the Litigation Trustee are primarily seeking pursuant to this Motion the production of bank account statements, financial and other business records, and other documents concerning the circumstances surrounding the Debtors' pre-petition assets and out-of-the-ordinary-course pre-petition transfers, the Litigation Trustee believes that a subpoena may be required in order to obtain those documents.

## RESERVATION OF RIGHTS

25. The Litigation Trustee reserves the right to supplement the factual bases or legal arguments set forth herein, including through any responsive or other supplemental pleading. The Litigation Trustee further reserves his right to seek additional documents or examination of

---

[3] "Trust Beneficiaries" refers to "Beneficiaries of the Litigation Trust," as defined by the Plan. [See D.I. 313, Section 2.5(A)].

additional parties upon review of the documents produced as a result of this Motion and entry of an order with respect thereto.

26. For the avoidance of doubt, the Litigation Trustee reserves all rights with respect to any insider transactions and/or any other potential causes of action.

## NO PRIOR REQUEST

27. No prior motion for the relief sought herein has been made to this or any other court.

## NOTICE

28. Pursuant to the Local Rules of the United States Bankruptcy Court for the District of Delaware, notice of this Motion will be provided to (i) the United States Trustee, (ii) the Subchapter V Trustee, and (iii) Mr. Wong. The BLG Trust respectfully submits that no further notice is required and that such notice be approved as reasonable and sufficient under these circumstances.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that this Court enter the Order granting the relief requested herein, and granting it such other relief as this Court deems just and proper.

| | | |
|---|---|---|
| Dated: | April 30, 2024<br>Wilmington, Delaware | **PASHMAN STEIN WALDER HAYDEN, P.C.** |

*/s/ Joseph C. Barsalona II*
Joseph C. Barsalona II (No. 6102)
1007 North Orange Street 4th Floor #183
Wilmington, DE 19801-1242
Telephone: (302) 592-6496
Email: jbarsalona@pashmanstein.com

-and-

Richard C. Solow (admitted *pro hac vice*)
The Woolworth Building
233 Broadway, Suite 820
New York, New York 10279
Email: rsolow@pashmanstein.com

-and-

Sean Mack (admitted *pro hac vice*)
Court Plaza South, East Wing
21 Main Street, Suite 200
Hackensack, New Jersey 07601
Email: smack@pashmanstein.com

*Counsel to the BLG Litigation Trust*