## EXHIBIT "A"

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BLANK LABEL GROUP, INC., *et al.*, | Case No. 23-10286 (JTD) |
| Debtors.[1] | Jointly Administered |
| | **Hearing Date:  May 14, 2024 at 11:30 a.m. (ET)** |
| | **Obj. Deadline: May 7, 2024 at 4:00 p.m. (ET)** |

## ORDER DIRECTING EXAMINATION OF DANNY WONG
## AND THE PRODUCTION OF DOCUMENTS

Upon consideration of the *Motion for Order Authorizing the BLG Litigation Trust to (A) Conduct a 2004 Examination of Danny Wong; and (B) Seek Related Document Production* (the "Motion")[2] submitted by the Litigation Trustee for entry of an order, pursuant to sections 105(a) of the Bankruptcy Code, Bankruptcy Rules 2004 and 9016, and Local Rule 2004-1, (i) authorizing the Litigation Trustee to conduct an examination of Danny Wong ("Mr. Wong"), and (ii) requiring Mr. Wong to produce documents in response to the Litigation Trustee's enumerated document requests, attached as **Exhibit "1"** to this Order; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows Blank Label Group, Inc. (6183); BlackLapel Custom Clothiers, Inc. (3725); and Ratio Clothing, LLC (8330).  The Debtors' mailing address is 36 Bromfield Street, 204, Boston, MA 02108.

[2]     Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the requested relief provided for herein having been given; and it appearing that no other or further notice of the same need be provided; and it appearing that the relief requested in the Motion and provided for herein is in the best interests of the Debtors and their estates; and after due deliberation, and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein.

2.      The Litigation Trustee is authorized under Bankruptcy Rules 2004 and 9016 to issue subpoenas (the "Subpoenas") seeking production of documents and deposition testimony from Mr. Wong.  Mr. Wong is ordered to (i) respond in writing to the Document Production Requests, as set forth and defined in **Exhibit "1"** attached hereto, on or before seven (7) days from the entry of this Order, and (ii) produce all non-privileged responsive documents called for in the Requests on or before fourteen (14) days from the entry of this Order.

3.      The Litigation Trustee's rights are further reserved to request testimony or additional documents under Bankruptcy Rules 2004 and 9016, whether based on any information that may be revealed as a result of the documents provided pursuant to this Order, or otherwise.

4.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation or interpretation of this Order.

**<u>EXHIBIT "1"</u>**

**Request for Examination and Document Production**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BLANK LABEL GROUP, INC., *et al.*, | Case No. 23-10286 (JTD) |
| Debtors.[1] | Jointly Administered |
| | **Hearing Date:  May 14, 2024 at 11:30 a.m. (ET)**<br>**Obj. Deadline: May 7, 2024 at 4:00 p.m. (ET)** |

## REQUEST FOR EXAMINATION AND
## PRODUCTION OF DOCUMENTS
## <u>DIRECTED TO DANNY WONG</u>

Peter Furman (the "<u>Litigation Trustee</u>")[2], the Trustee for the BLG Litigation Trust (the "<u>BLG Trust</u>"), in the cases of the above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>"), requests, pursuant to Bankruptcy Rule 2004, that Danny Wong ("<u>Mr. Wong</u>") make himself available for examination and produce the documents described below (the "<u>Requests</u>").

## <u>DEFINITIONS</u>

When used herein, the following terms shall have the meanings indicated below:

1.      "You" and "Your" shall mean and refer to Mr. Wong, and shall include any predecessors and successors; companies, partnerships, and/or corporations; current and former employees, officers, directors, shareholders, operators, agents, accountants, financial advisors,

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows Blank Label Group, Inc. (6183); BlackLapel Custom Clothiers, Inc. (3725); and Ratio Clothing, LLC (8330).  The Debtors' mailing address is 36 Bromfield Street, 204, Boston, MA 02108.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the *Motion for Order Authorizing the BLG Litigation Trust to (A) Conduct a 2004 Examination of Danny Wong; and (B) Seek Related Document Production* (the "<u>Motion</u>").

attorneys, representatives, affiliates, subsidiaries, and all other persons or entities under Mr. Wong's ownership, direction, and/or control.

2.      "Document" or "Documents" shall mean all items referred to in, and/or encompassed within the scope of, Federal Rule of Civil Procedure 34, including without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, contracts, agreements, minutes of meetings, summaries, books, papers, lists, ledgers, journals, calendars, pamphlets, vouchers, canceled or uncanceled checks or drafts, receipts, charge slips, purchase orders, registers, books of original entry and other books of records, invoices, work sheets, tabulations, financial statements, recordings, memoranda of conversations, statements, charts, graphs, photographs, telegraphs, microfilms, phonograph, tape or other records, magnetic tapes, discs, data cells, computer data, whether or not contained in any compilation or any other written, printed, typewritten, or other electronically recorded or other graphic or photographic matter or tangible thing on which any words, phrases, images, or numbers are fixed or from which information can be obtained in a format that allows access to the Document's Native format.

3.      The term "Communication" or "Communications" shall refer to any means of communicating with one or more parties, including but not limited to, electronic mail, letter, text, instant message and/or SMS text.

4.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all responses that might otherwise be construed to be outside of the scope.

5.      The terms "each" and "every" shall be construed synonymously, as shall the words "any" and "all."

6.      "Native" shall mean copies of the original documents in the format created by the authoring application with metadate and electronically stored information preserved.

7.      "Related to," "regarding," "relative to," or "relating to" shall mean directly or indirectly mention or describing, pertinent to, connected with, or reflecting upon a stated matter detailed in the Requests.

8.      The phrase "possession, custody, or control," shall mean a Document in Your physical custody; or, that You own in whole or in part; or, have a right by contract, statute or otherwise to use, inspect, examine or copy on any terms; or have an understanding, express or implied, that You may use, inspect, examine or copy on any terms; or You have, as a practical matter, the ability to use, inspect, examine or copy such document.  This includes but is not limited to where the document is within the possession, custody or control of any of Your attorneys, accountants, financial advisors, investigators, independent contractors, or agents, including any divisions or subsidiaries of Yours and any business entities otherwise affiliated with You, or any person acting on behalf of or in concert with You or with any of these persons.

## **INSTRUCTIONS**

1.      Unless otherwise indicated, the relevant time period for these Requests shall start from six months prior to the start of any work You did with any of the Debtors to the present.

2.      Each Request shall be deemed to be continuing in nature. If at any time additional Documents and/or Communications come into Your possession, custody or control, or are brought to Your attention, prompt supplementation of Your response to these Requests is required.

3.      You shall produce all Documents in the manner in which they are maintained in the usual course of Your business and/or You shall organize and label the documents

3

to correspond with the categories in the Request. A Request for a Document shall be deemed to include a Request for any and all file folders within which the Document was contained (*i.e.*, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself).

4.      Documents shall be produced in such fashion as to identify the subsidiary, department, branch or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

5.      Any Document withheld from production based on privilege, work product, or any applicable privilege or protection shall be identified in the form of a privilege log as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, made applicable to the above-captioned chapter 11 case by Rule 7026 of the Federal Rules of Bankruptcy Procedure. Such privilege log shall contain: (1) the type of document; (2) the general subject matter of the document; (3) the date of the document; (4) such other information as is sufficient to identify the document, including the author of the document, the addressee of the document, and, where apparent, the relationship of the author and the addressee to each other; and (5) the nature of the privilege or protection being claimed.

6.      Documents not otherwise responsive to a Request shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by the Request.

7.      If any Document within the scope of a Request has been destroyed, that Document shall be identified and include the following information: (1) the author of the document; (2) the intended or unintended recipient(s) of the document (including those in copy and in blind copy, if applicable); (3) the date and subject matter of the document; (4) the date and reason for disposal of the document; and (5) each person who authorized disposal or disposed of the

4

document. For the avoidance of doubt, any documents relating to such destruction shall be produced.

8.       In producing Documents and other materials, You are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, accountants, financial advisors, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

9.       If You object to any part of any Request, You shall state fully the nature of the objection. Notwithstanding any objections, You shall nonetheless comply fully with the other parts of the Request not objected to.

10.      Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation.  The Terms "all" and "each" shall be construed as "all and each."

*[Remainder of page intentionally left blank]*

## DOCUMENT PRODUCTION REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**  Any and all Documents and Communications relating to any payments You received from the Debtors.

**REQUEST FOR PRODUCTION NO. 2:**  Any and all Documents and Communications between you and Fan Bi in any capacity.

**REQUEST FOR PRODUCTION NO. 3:**  Any and all Documents and Communications exchanged between You and any employees of the Debtors.

**REQUEST FOR PRODUCTION NO. 4:**  Any and all Documents and Communications exchanged between You and any third parties relating to Your role or any work You did with the Debtors from March 8, 2022, to present.