# EXHIBIT "1"

**Request for Examination and Document Production**

Case 23-10286-JTD    Doc 369-1    Filed 06/01/24    Page 1 of 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BLANK LABEL GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10286 (JTD)<br><br>Jointly Administered |

**REQUEST FOR EXAMINATION AND
PRODUCTION OF DOCUMENTS
DIRECTED TO DANNY WONG**

Peter Furman (the "Litigation Trustee")[2], the Trustee for the BLG Litigation Trust (the "BLG Trust"), in the cases of the above-captioned debtors and debtors-in-possession (the "Debtors"), requests, pursuant to Bankruptcy Rule 2004, that Danny Wong ("Mr. Wong") make himself available for examination and produce the documents described below (the "Requests").

**DEFINITIONS**

When used herein, the following terms shall have the meanings indicated below:

1. "You" and "Your" shall mean and refer to Mr. Wong.

2. "Document" or "Documents" shall mean all items referred to in, and/or encompassed within the scope of, Federal Rule of Civil Procedure 34, including without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, contracts, agreements, minutes of meetings, summaries, books, papers, lists, ledgers, journals, calendars, pamphlets, vouchers, canceled or uncanceled checks or drafts, receipts, charge slips,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows Blank Label Group, Inc. (6183); BlackLapel Custom Clothiers, Inc. (3725); and Ratio Clothing, LLC (8330). The Debtors' mailing address is 36 Bromfield Street, 204, Boston, MA 02108.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the *Motion for Order Authorizing the BLG Litigation Trust to (A) Conduct a 2004 Examination of Danny Wong; and (B) Seek Related Document Production* (the "Motion").

purchase orders, registers, books of original entry and other books of records, invoices, work sheets, tabulations, financial statements, recordings, memoranda of conversations, statements, charts, graphs, photographs, telegraphs, microfilms, phonograph, tape or other records, magnetic tapes, discs, data cells, computer data, whether or not contained in any compilation or any other written, printed, typewritten, or other electronically recorded or other graphic or photographic matter or tangible thing on which any words, phrases, images, or numbers are fixed or from which information can be obtained in a format that allows access to the Document's Native format.

3. The term "Communication" or "Communications" shall refer to any means of communicating with one or more parties, including but not limited to, electronic mail, letter, text, instant message, and/or SMS text.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all responses that might otherwise be construed to be outside of the scope.

5. The terms "each" and "every" shall be construed synonymously, as shall the words "any" and "all."

6. "Native" shall mean copies of the original documents in the format created by the authoring application with metadate and electronically stored information preserved.

7. "Related to," "regarding," "relative to," or "relating to" shall mean directly or indirectly mention or describing, pertinent to, connected with, or reflecting upon a stated matter detailed in the Requests.

8. The phrase "possession, custody, or control," shall mean a Document in Your physical custody; or, that You own in whole or in part; or, have a right by contract, statute, or otherwise to use, inspect, examine or copy on any terms; or have an understanding, express or

implied, that You may use, inspect, examine or copy on any terms; or You have, as a practical matter, the ability to use, inspect, examine or copy such document. This includes but is not limited to where the document is within the possession, custody, or control of any of Your attorneys, accountants, financial advisors, agents, representatives, and all other persons or entities under Your ownership, direction, and/or control.

## INSTRUCTIONS

1. Unless otherwise indicated, the relevant time period for these Requests shall start from four (4) years prior to March 8, 2023 to the present.

2. Each Request shall be deemed to be continuing in nature. If at any time additional Documents and/or Communications come into Your possession, custody or control, or are brought to Your attention, prompt supplementation of Your response to these Requests is required.

3. You shall produce all Documents in the manner in which they are maintained in the usual course of Your business and/or You shall organize and label the documents to correspond with the categories in the Request. A Request for a Document shall be deemed to include a Request for any and all file folders within which the Document was contained (*i.e.*, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself).

4. Any Document withheld from production based on privilege, work product, or any applicable privilege or protection shall be identified in the form of a privilege log as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, made applicable to the above-captioned chapter 11 case by Rule 7026 of the Federal Rules of Bankruptcy Procedure, which will be produced within thirty (30) days of the close of document production pursuant to these Requests.

Such privilege log shall contain: (1) the type of document; (2) the general subject matter of the document; (3) the date of the document; (4) such other information as is sufficient to identify the document, including the author of the document, the addressee of the document, and, where apparent, the relationship of the author and the addressee to each other; and (5) the nature of the privilege or protection being claimed.

5. In producing Documents and other materials, You are requested to furnish all documents or things in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by You..

6. If You object to any part of any Request, You shall state fully the nature of the objection. Notwithstanding any objections, You shall nonetheless comply fully with the other parts of the Request not objected to.

7. Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation. The Terms "all" and "each" shall be construed as "all and each."

[*Remainder of page intentionally left blank*]

## DOCUMENT PRODUCTION REQUESTS

**REQUEST FOR PRODUCTION NO. 1:** Any and all Documents and Communications relating to any payments You received from the Debtors.

**REQUEST FOR PRODUCTION NO. 2:** Any and all Documents and Communications between you and Fan Bi relating to the Debtors or any payments You received from the Debtors.

**REQUEST FOR PRODUCTION NO. 3:** Any and all Documents and Communications exchanged between You and any employees of the Debtors (as identified on the list to be provided by the Litigation Trustee) relating to the Debtors or any payments You received from the Debtors.

**REQUEST FOR PRODUCTION NO. 4:** Any and all Documents and Communications exchanged between You and any third parties relating to Your role or any work You did with the Debtors from March 8, 2022, to present.