# <u>EXHIBIT A</u>

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| BLANK LABEL GROUP, INC., *et al.*, | Case No. 23-10286 (JTD) |
| Debtors.[1] | Jointly Administered |
| | **Re D.I. __** |

**ORDER (A) DISMISSING THE CHAPTER 11 CASES; (B) AUTHORIZINGLITIGATION TRUSTEE TO REMIT REMAINING FUNDS TO SECURED PARTY; (C) AUTHORIZING TERMINATION OF THE LITIGATION TRUST; AND (D) GRANTING RELATED RELIEF**

Upon consideration of the *Litigation Trustee's Motion for Entry of an Order (A) Dismissing the Chapter 11 Cases, (B) Authorizing Litigation Trustee to Remit Remaining Funds to Secured Party; (C) Authorizing Termination of the Litigation Trust; and (D) Granting Related Relief* (the "Motion");[2] and the Court having reviewed the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court finding that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish sufficient cause for the relief requested herein; and after due deliberation thereon; and sufficient cause appearing therefor,

It is **HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows Blank Label Group, Inc. (6183); BlackLapel Custom Clothiers, Inc. (3725); and Ratio Clothing, LLC (8330). The Debtors' mailing address is 36 Bromfield Street, 204, Boston, MA 02108.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. All objections to the Motion or the relief requested therein, if any, that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

3. Pursuant to section 1112(b) of the Bankruptcy Code, each of these Chapter 11 Cases are hereby dismissed effective as of the date of entry of this Order.

4. Notwithstanding anything to the contrary, and for cause shown pursuant to section 349 of the Bankruptcy Code, all (i) prior orders, stipulations, rulings, and judgments of this Court made during the course of these Chapter 11 Cases or any related adversary proceeding, and (ii) prior settlements and releases approved by the Court, shall remain in full force and effect, and shall be unaffected by the dismissal of these Chapter 11 Cases, and are specifically preserved for all preclusive purposes, including, without limitation, collateral estoppel and *res judicata*.

5. The Litigation Trustee is authorized to and shall, within ten (10) business days of the entry of this Order, (a) pay the Outstanding Professional Expenses of the Litigation Trustee and his counsel, and (b) remit the balance of the Litigation Trust's remaining funds to Settle, in full and final satisfaction of the Allowed Settle Claim.

6. The Litigation Trust shall be deemed terminated automatically upon entry of this Order, whereupon the Litigation Trustee shall be relieved of and released from any duties and responsibilities under the Litigation Trust Agreement; *provided, however,* that the Litigation Trustee shall remain obligated to perform the directives set forth in this Order.

7. Entry of this Order is without prejudice to the right of any party to seek to reopen the Chapter 11 Cases for cause pursuant to section 350(b) of the Bankruptcy Code.

8. The Clerk of the Court shall enter this Order individually on each of the dockets of the Chapter 11 Cases and thereafter each docket shall be marked as "Closed."

9. The Litigation Trustee is authorized and empowered to perform any and all actions necessary to implement and effectuate the relief granted pursuant to this Order.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.